UNITED STATES of America, Plaintiff-Appellee,

v.

Ronald Dale DUNN, Defendant-Appellant.

No. 83–1122
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 31, 1983.

Rehearing and Rehearing En Banc Denied Aug. 5, 1983.

Louis Dugas, Jr., Orange, Tex., for defendant-appellant.

Edward C. Prado, U.S. Atty., Jack C. O'Donnell, Sidney Powell, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Dunn was tried and convicted for violations of federal narcotics laws. His conviction was reversed by this Court, 674 F.2d 1093 (5th Cir.1982), on the ground that the evidence obtained as the result of a search of his ranch should have been suppressed. In finding the search improper, we did not apply the open fields doctrine because the agents invaded a fully fenced part of defendant's property to gather evidence. We remanded the case for a new trial. The mandate was issued. The government then petitioned the Supreme Court for a writ of certiorari. This Court denied a motion to recall the mandate or to stay the mandate, indicating there was no need to consider the motion because the petition for certiorari was pending.

The petition for certiorari still pends. Justice Blackmun in his concurring opinion in *United States v. Knotts,* —— U.S. ——, 103 S.Ct. 1081, 1088, 75 L.Ed.2d 55 (1983), said that this case, *United States v. Dunn,* is one of three cases being held by the United States Supreme Court awaiting decision of the Court in *Florida v. Brady,* 406 So.2d 1093 (Fla.1981), *cert. granted,* 456 U.S. 988, 102 S.Ct. 2266, 73 L.Ed.2d 1282 (1982), a case which also involves the open fields doctrine. *Hester v. United States,* 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898 (1924).

Appellant has now moved in the district court to dismiss his indictment under the Speedy Trial Act, 18 U.S.C. § 3161(e), on the ground that without a stay of the mandate the time for reprosecution has expired because the action of this Court in reversing the conviction is final. The district court denied his motion, and he appeals this denial. The government moves to dismiss the appeal.

Appellant urges that the words of the opinion in the leading case of *United States v. MacDonald,* 435 U.S. 850, 858, 98 S.Ct. 1547, 1551, 56 L.Ed.2d 18 (1978), imply that the denial of a motion to dismiss on the ground of violation of the Speedy Trial Act is not a final order and is not appealable only when it is denied before trial. Appellant argues that his is not a *pre-trial* motion because he has already been tried and that case is now "final".

We write a brief opinion on the contention made by appellant because no cases have been found which have ruled on this precise situation. *Compare United States v. Cook,* 592 F.2d 877 (5th Cir.1979), in which under somewhat similar circumstances we held the district court had no jurisdiction to act. In that case, however, the mandate had not issued because a petition for certiorari had been filed. We now hold while the district court had jurisdiction to act because the mandate had issued, the denial of the motion to dismiss is not appealable because it is not a final order. The issue raised under the Speedy Trial Act is not "collateral to, and separable from, the principal issue at the accused's impending criminal trial, ...", *Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The *Abney* case found that a motion to dismiss claiming double jeopardy was appealable as collateral and separable. *Abney* saw the double jeopardy claim as "an important right which would be 'lost, probably irreparably,' if review had to await final judgment." *Ibid., quoting Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).

As the Court's careful evaluation of the issue in *MacDonald* indicates, we are not faced with such a consideration in this motion to dismiss for violation of the Speedy Trial Act. Upon analysis it is clear that appellant's motion is not a post-trial motion, but is a pre-trial motion after a reversal of his conviction for a new trial. His motion is directed at delay in retrial although the ultimate fate of his first trial still pends. Thus, the full weight of *MacDonald,* finding the denial of such a motion not a final appealable order, collapses his contention. *See also United States v. Bailey,* 512 F.2d 833, 837 (5th Cir.), *cert. dism'd,* 423 U.S. 1039, 96 S.Ct. 578, 46 L.Ed.2d 415 (1975).

The refusal of this Court to recall or stay the mandate did not alter the fact that finality in appellant's first trial awaits action by the Supreme Court. In declining to recall the mandate we did so on the ground that relief was "unnecessary" since the certiorari petition was before the Supreme Court (*United States v. Dunn,* No. 81–1200, Sept. 7, 1982, unpublished). Nothing in the record indicates that appellant is threatened with retrial before the Supreme Court acts on the petition for certiorari.

While there are no published cases on point when the mandate has issued and has not been recalled, the purposes of the Speedy Trial Act make clear that we were correct in our summary order in finding that it was not necessary to recall the mandate. Support for this view is found in the Guidelines to the Administration of the Speedy Trial Act of 1974 as amended. These Guidelines were issued by the Committee on Administration of the Criminal Law of the Judicial Conference of the United States (1979, with August 1981 amendments). The critical statement, quoted by Judge Nowlin in the district court's order which is here under appeal, is: "[I]f an appeal or petition for certiorari is filed, the action occasioning the retrial should not be considered final until the appeal or petition has been disposed of."

If after action by the United States Supreme Court Dunn is again tried under the indictment, then the reasoning of the *MacDonald* case comes into full sway:

> [A] central interest served by the Speedy Trial Clause is the protection of the fact-finding process at trial. The essence of a defendant's Sixth Amendment claim in the usual case is that the passage of time has frustrated his ability to establish his innocence of the crime charged. Normally, it is only *after trial* that that claim may fairly be assessed. 435 U.S. at 860, 98 S.Ct. at 1552 (emphasis added).

We hold that the denial of defendant's motion to dismiss for claimed violation of the Speedy Trial Act because of the failure to institute retrial while our reversal of his conviction is pending on certiorari in the United States Supreme Court is not appealable. The motion of the government to dismiss the appeal for lack of finality is GRANTED. 28 U.S.C. § 1291.

MOTION TO DISMISS APPEAL GRANTED.