**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald Dale DUNN, Defendant-Appellant.**

No. 84–1012
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1985.

---

* Due to his absence from the country, Judge Hill did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

Louis Dugas, Jr., Orange, Tex., for defendant-appellant.

Edward C. Prado, U.S. Atty., John E. Murphy, Sidney Powell, San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

In these proceedings Ronald Dale Dunn appeals a plea of guilty to a charge of conspiracy to manufacture amphetamine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, contending that the charge violates the double jeopardy clause of the fifth amendment. Finding no merit in this assignment of error, we affirm.

### Facts

On April 8, 1983, Dunn was named in five counts of a 20-count indictment handed up by a federal grand jury sitting in San Antonio, Texas, against 31 members of a large narcotics operation led by Dempsey Buford Merida.[1] Claiming double jeopardy, Dunn moved for dismissal of the conspiracy charge.

The double jeopardy claim is based on a December 1980 indictment returned by an Austin, Texas, federal grand jury which charged Dunn and Robert Lyle Carpenter with, *inter alia,* conspiracy to manufacture phenylacetone and amphetamine. 21 U.S.C. §§ 841(a)(1) and 846. The Austin indictment covered activities in "the Western District of Texas and elsewhere" and spanned a period beginning on July 23, 1980 and continuing until Dunn's arrest on November 8, 1980. Dunn and Carpenter were convicted on all counts. We affirmed Carpenter's convictions but reversed and remanded Dunn's on fourth amendment grounds, 674 F.2d 1093 (5th Cir.1982). A petition for certiorari was granted and our decision was vacated, *United States v. Dunn,* —— U.S. ——, 104 S.Ct. 2380, 81 L.Ed.2d 340 (1984), for reconsideration in light of the intervening decision in *Oliver v. United States,* 466 U.S. 107, 184, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). On reconsideration we again remanded for new trial. *United States v. Dunn,* 766 F.2d 880

---

1. For an outline of the scope of the massive activities of Dempsey Merida and his minions, see *United States v. Merida,* 765 F.2d 1205 (5th Cir.1985), affirming the convictions of five of the codefendants. Dunn joined others in pleading guilty.

(5th Cir.1985).[2] As of this writing this most recent decision still pends before this court.

The San Antonio indictment charged Dunn with conspiracy to manufacture, import, distribute, and possess with intent to distribute amphetamine, methamphetamine, and cocaine. The general conspiracy period denominated began in early 1979 and continued until April 1983. The overt acts specifically naming Dunn allegedly occurred between July 23, 1980 and November 1981. The amphetamine counts charged Dunn with conspiring with 15 other members of the Merida organization involving activities in Texas, Louisiana, Georgia, Belize, and Guatemala.

Dunn moved to dismiss the amphetamine counts contending that he had been tried for these offenses in the Austin litigation. While that motion was pending the San Antonio grand jury returned a superseding indictment which, as it related to Dunn, added two more coconspirators and limited Dunn's participation in the conspiracy to "on or after November 14, 1980 ... and continuing until on or about June 3, 1982." Dunn was named in overt acts occurring after his arrest on November 8, 1980. Dunn's sole coconspirator in the Austin indictment, Robert Lyle Carpenter, was not named in either the original or superseding San Antonio indictment.

Following the denial of his motion to dismiss, Dunn pleaded guilty to the charge of conspiracy to manufacture amphetamine and methamphetamine, preserving his jeopardy claim for appeal purposes. During the Fed.R.Crim.P. 11 allocution, Dunn admitted that during March 1981, while free on bond pending appeal of the Austin con-

viction, he met with Dempsey Merida and agreed to set up a new laboratory for the manufacture of amphetamine. He further admitted that he manufactured a quantity of amphetamine for distribution by the Merida operatives. After entry of the plea of guilty, pursuant to a plea agreement, the other counts against Dunn were dismissed. Dunn was sentenced to four years imprisonment, to run consecutively to a five-year term imposed in an unrelated matter, and was fined $1,000.

## Analysis

■ The guidon for the review of a double jeopardy claim in a second conspiracy prosecution was first lifted by this court in *United States v. Marable*, 578 F.2d 151 (5th Cir.1978), in which we identified five determinative factors:

> (1) time, (2) persons acting as coconspirators, (3) the statutory offenses charged in the indictments, (4) the overt acts charged by the government or any other description of the offense charged which indicates the nature and scope of the activity which the government sought to punish in each case, and (5) places where the events alleged as part of the conspiracy took place.

*Marable*, 578 F.2d at 154; *see also United States v. Nichols*, 741 F.2d 767 (5th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985). Fair application of these factors should reflect whether one conspiracy has been severed improperly into two or more conspiracies.

■ Reviewing the subject count of the superseding indictment against the *Marable* standard we are convinced that there has been no abrogation of the double jeop-

---

**2.** Dunn is no stranger to this court. In addition to the foregoing, he has presented several appeals. *See United States v. Dunn*, unpublished opinion, No. 83–1423, filed October 18, 1983 (upholding his conviction for criminal contempt resulting from his refusal to abide by the terms of his bond pending the final outcome of the above appeals); *United States v. Dunn*, 706 F.2d 153 (5th Cir.1983) (dismissing his appeal from an order of the district court refusing to dismiss the Austin indictment under the Speedy Trial Act, 18 U.S.C. § 3161(e), pending the outcome

of the government's petition for certiorari); *United States v. Dunn*, unpublished opinions, No. 84–1012, filed June 20, 1984 and January 4, 1985 (remanding instant case twice to determine whether Dunn could appeal in forma pauperis), and *see* the unpublished order filed April 24, 1985, reinstating this appeal. Currently pending is Dunn's appeal from the forfeiture of his bond after his criminal contempt conviction was upheld. *United States v. Dunn*, No. 84–1746, argued July 10, 1985.

ardy clause. We briefly consider each factor.

■ 1. *Time.* The Austin indictment charged Dunn with participating in a conspiracy from June 23, 1980 until November 8, 1980. The superseding San Antonio indictment traversed the period November 14, 1980 to June 3, 1982. This difference alone would not be dispositive for the prosecution is not free to separate a single, ongoing conspiracy into discrete conspiracies by simply dividing the time frame. *United States v. Nichols,* 741 F.2d 767 (5th Cir.1984).

■ 2. *Personnel.* The Austin indictment named Dunn and Carpenter as the sole conspirators. The superseding indictment named 17 coconspirators. Carpenter was not named. The absence of Carpenter alone would not be decisive for the disappearance of one coconspirator would not establish the termination of the conspiracy. *United States v. Nichols.*

3. *Offenses charged.* Dunn was convicted of violating the identical statutory provisions in each instance.

■ 4. *Acts charged and proved.* It is on this element that Dunn's claim founders. Dunn maintains that both convictions resulted from his uninterrupted association with a continuing criminal conspiracy, and that there is no evidence of a second agreement. Dunn's argument misperceives basic conspiracy law. It is well settled that a person's participation in a conspiracy ends when that person is arrested for his role in the conspiracy. *United States v. Postal,* 589 F.2d 862 (5th Cir.), *cert. denied,* 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 40 (1979); *see also United States v. Meacham,* 626 F.2d 503 (5th Cir.1980), *cert. denied sub nom. Hayes v. United States,* 459 U.S. 1040, 103 S.Ct. 455, 74 L.Ed.2d 608 (1982). We have held that "further [participation in an] 'old' conspiracy after being charged with that crime becomes a new offense for purposes of a double jeopardy claim." *United States v. Stricklin,* 591 F.2d 1112, 1121 n. 2 (5th Cir.), *cert. denied,* 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979).

Therefore, even if Dunn continued participating in the overall Merida conspiracy, as a matter of law his arrest on November 8, 1980 ended his involvement with that criminal operation. Any involvement with Merida's confederates after November 8, 1980 required a new agreement. That new agreement occasioned the birth of a new and separate conspiracy for which Dunn is accountable. The facts disclosed at the Rule 11 hearing fully support this legal conclusion. Dunn admitted to a March 1981 agreement with Dempsey Merida involving the establishment of a new amphetamine laboratory to replace the lab lost when Dunn was arrested. Thus the legal and factual realities converge.

5. *Places.* The Austin indictment revolved around an amphetamine laboratory in a barn on a ranch Dunn owned near Johnson City, Texas. The superseding indictment involves activities in at least three states and two foreign countries.

There is no validity to Dunn's plea of double jeopardy. The judgment of conviction by the district court is AFFIRMED.