UNITED STATES of America

v.

Donald G. GAFFNEY, et al.

No. 87–37(S)–J–TES.

United States District Court,
M.D. Florida,
Jacksonville Division.

June 6, 1988.

John E. Steele and Stephen M. Kunz, Sp. Asst. U.S. Attys., Jacksonville, Fla., for Government.

Robert J. Link, Jacksonville, Fla., for defendant Gaffney.

## ORDER DENYING MOTION TO DISMISS MISTRIED COUNTS

SCOTT, District Judge.

This cause is before the Court on defendant Donald G. Gaffney's ("Gaffney") Motion to Dismiss Mistried Counts, filed herein on January 20, 1988. The government filed a response opposing the motion on February 1, 1988. The Court, having given careful consideration to the memoranda submitted by counsel and having reviewed the pertinent law, will deny defendant's motion for the reasons set forth below.

■ Defendant seeks the dismissal of Counts Twelve and Thirteen of the original indictment, arguing that his right to a speedy trial on those counts has been abridged. *See* 18 U.S.C. sec. 3161(e) (defendant tried again following mistrial has the right to be tried within seventy days).[1] The basis of defendant's contention is as follows: On July 24, 1987, a jury found defendant guilty of three counts, acquitted him of ten counts, and was unable to reach

1. Counts Twelve and Thirteen in the original indictment correspond to Counts Ten and Eleven in the superseding indictment. For purposes of this order, the counts are referred to as Twelve and Thirteen.

verdicts on two counts charged in the original indictment. Thereafter, the Court declared a mistrial as to the counts upon which the jury was unable to reach a verdict. Since defendant was not tried within seventy days of the declared mistrial, he asserts that the two counts should be dismissed with prejudice.[2]

An analysis of defendant's position must begin with 18 U.S.C. sec. 3161(e), which provides in pertinent part:

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final.... The periods of delay enumerated in section 3161(h) are excluded in the time limitations specified in this section.

According to the Third Circuit Court of Appeals, the purpose of this section is to "remove from the Speedy Trial Act calculation periods when the Court cannot justifiably try the defendant's case." *United States v. Felton*, 811 F.2d 190, 198 (3d Cir.1987), *cert. denied,* —— U.S. ——, 107 S.Ct. 3235, 97 L.Ed.2d 740 (1987).

Applying section 3161(e), the Court must determine what action occasioned the retrial thus triggering the seventy-day limitation. While retrial of Counts Twelve and Thirteen was necessitated by the declaration of a mistrial following the jury's inability to reach verdicts as to those counts, case law suggests that the order setting the case for retrial constitutes the action occasioning the new trial. *See United States v. Crooks,* 804 F.2d 1441, 1445 (9th Cir.1986).[3] The action, therefore, which is properly viewed as the point from which to measure the seventy-day period prescribed in 18 U.S.C. sec. 3161(e) is December 18, 1987, when the motion for new trial as to the three guilty verdicts was granted and the retrial was scheduled for February 16, 1988.[4] Since less than seventy days elapsed, there was no violation of defendant's right to a speedy trial on the mistried counts.[5]

■ Assuming arguendo that the seventy-day period commenced on July 24, 1987, when the Court declared a mistrial as to Counts Twelve and Thirteen, defendant's position is nevertheless without merit because of the exclusions provided for in section 3161(h). That section states in relevant part that

> [t]he following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> (D) delay resulting from trial with respect to other charges against the defendant; ...

---

**2.** Defendant filed a motion for new trial on August 10, 1987. He contended, among other things, that extrinsic evidence had entered the jury room during trial and deliberations. On December 18, 1987, the Court granted defendant's motion for a new trial on the three guilty verdicts because of juror misconduct. *See United States v. Gaffney,* 676 F.Supp. 1544 (M.D.Fla. 1987).

**3.** In *Crook,* the defendants contended that the dismissal of the jury in their first trial triggered the seventy-day time period. The Court, however, determined that the trial court's order setting the retrial, "not the dismissal of the jury," is properly viewed as the action occasioning the new trial. Since the judge entered the order setting the retrial on October 24, 1983, twenty-eight days after the end of the first trial, the first day of the seventy-day period was October 25, 1983.

**4.** The Court is aware that the Eleventh Circuit Court of Appeals in *United States v. Lasteed,* 832 F.2d 1240, 1242 n. 5 (11th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1578, 99 L.Ed.2d 893 (1988), stated in dicta that "the 70 day period commences when the district court declares a mistrial." The issue before the appellate court in that case, however, involved the commencement of the seventy-day period after the declaration of mistrial and appeal; therefore, it is not dispositive.

**5.** At a hearing on January 21, 1988, defendant agreed to waive his right to speedy trial with respect to the charges contained in the superseding indictment, reserving the motion that is presently before the Court.

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; ...

As an initial matter, the express language of section 3161(h)(1) provides, and case law recognizes, that excludable delay is not limited to the proceedings listed in section 3161(h)(1). *See United States v. O'Bryant,* 775 F.2d 1528, 1532 (11th Cir. 1985). The fact, therefore, that the government cannot point to a proceeding listed in section 3161(h)(1) identical to the one in this case which delayed the scheduling of the retrial until December 18, 1987, does not end the analysis.

The Court is of the opinion that the situation at bar is reasonably viewed as similar to a "delay resulting from trial with respect to other charges against defendant." 18 U.S.C. sec. 3161(h)(1)(D). That is, in the interest of justice and judicial economy, the Court waited to reset the trial on the mistried counts until it had resolved the issues raised by defendant regarding the three counts upon which he had been convicted.[6] Any other action by the Court would have defied logic. *See United States v. Rodriguez–Franco,* 749 F.2d 1555, 1558 (11th Cir.1985) (section 3161(h)(1) not limited to time consumed by the actual trial).

The Court, moreover, finds that the entire time the motions with respect to jury misconduct were pending is excludable under 18 U.S.C. sec. 3161(h)(1)(F). While this section applies to pretrial motions, motions filed after the mistrial was declared can be viewed as pretrial in nature. *Cf. United States v. Dunn,* 706 F.2d 153, 154 (5th Cir.1983).

Finally, even if the Court were to assume that the seventy-day period commenced when the mistrial was declared and were further to assume that the time period between the filing of motions with regard to the three guilty verdicts and December 18,

1987, was not excludable under 18 U.S.C. secs. 3161(h)(1)(F) and 3161(h)(1)(D), justice demands that the filing of the various pleadings with regard to jury misconduct be viewed as an implied waiver of defendant's right to a trial on the mistried counts within seventy days of the declaration of mistrial. A contrary determination would place a court in the unworkable position of scheduling one trial on the mistried counts before rendering an opinion on the motion for new trial, thus creating the possibility of having to conduct two trials. This Court is confident that the circumstances of this case fit neatly within the purpose of 18 U.S.C. sec. 3161(e) as articulated by the Third Circuit Court of Appeals in *Felton,* 811 F.2d at 198 (discussed *supra* at pp. 1578–79). Logically, the period during which the jury-related motions were pending cannot be viewed as a time when the Court could have justifiably tried the mistried counts.

Consistent with the foregoing, it is

ORDERED:

That defendant Gaffney's Motion to Dismiss Mistried counts is hereby denied.

---

6. Six days after the Court declared a mistrial as to the two counts at issue, defendant Gaffney filed pleadings with respect to the validity of the three guilty verdicts.