UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4536

CARLOS LOPEZ; JAMES EDWARD ORR,
Defendants-Appellants.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4601

WILLIAM CARL DOVER,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-96-739)

Submitted: June 23, 1998

Decided: August 11, 1998

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Chad A. McGowan, Atlanta, Georgia; Mike MacKinnon, Greenville,
South Carolina; Jack Swerling, Columbia, South Carolina, for Appel-

lants. J. Rene Josey, United States Attorney, David C. Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The Defendants filed an interlocutory appeal from the district court's denial of their motion to dismiss the indictment on double jeopardy grounds. See Richardson v. United States, 468 U.S. 317, 320 (1984). The parties submitted a joint motion to decide the case on briefs, which we granted. Finding no error, we affirm the district court order.

The Defendants were charged in a multiple count, multiple defendant indictment, including one count charging a violation of 21 U.S.C. § 846 (1994). The indictment charged a marijuana distribution conspiracy beginning from February 1993 and continuing until the present time of the indictment, March 1994. Defendant Lopez entered a plea of guilty to the conspiracy. While on bond pending sentencing, he became a fugitive and was not located until late 1996. He was sentenced on March 18, 1997, to a term of imprisonment of 114 months. Defendant Orr entered a plea of guilty to the conspiracy count. He was sentenced to five years' probation. Defendant Dover entered a guilty plea to a count in the indictment charging him with violation of 18 U.S.C. § 924(c) (1994). In exchange for the plea, the government agreed to move to dismiss the conspiracy charge. Dover then brought a 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion attacking his conviction. The district court vacated Dover's conviction in light of Bailey v. United States, 516 U.S. 137 (1995), and he was released from prison.

2

Law enforcement officials began investigating the Defendants' post-arrest activities. As a result of that investigation, a second indictment containing a 21 U.S.C. § 846 charge was returned against the Defendants on January 28, 1997. The second indictment charged the three Defendants and two other individuals who were not charged in the 1994 indictment. The Government alleged a time frame for the conspiracy beginning on or about January 1995 and continuing through the date of the indictment. The Defendants moved to dismiss the 1997 indictment under a double jeopardy theory. The district court denied their motion and they noted an interlocutory appeal.

The Defendants contend that they never ceased dealing in marijuana despite their arrest, conviction, and sentences. The Government agrees with this characterization. The Government does not dispute the Defendants' assertion that the same conspiracy charged in the 1994 agreement continued to operate and distribute marijuana during the time that they were charged, convicted and serving sentences for the conspiracy count in the 1994 indictment. The Government concedes that the only difference charged is the time frame of the conspiracy and the loss or addition of a few conspiracy members.

The prohibition against double jeopardy protects against prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense. See United States v. Dixon, 509 U.S. 688, 704 (1993) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). The protection against double jeopardy prohibits "the division of a single criminal conspiracy into multiple violations of a conspiracy statute." United States v. MacDougall, 790 F.2d 1135, 1144 (4th Cir. 1986). The Supreme Court has cautioned that traditional double jeopardy principles should not be readily applied to multi-layered conspiracy cases, as they are applied in discrete crime cases. See United States v. Felix , 503 U.S. 378, 390 (1992).

The Defendants essentially argue that because they admit that they continued their involvement in the conspiracy charged in the 1994 indictment throughout the period of their arrest, conviction and sentence, they cannot be charged again with the same conspiracy. The Government argues that this analysis turns the double jeopardy pro-

3

tection accorded criminal defendants into a sword to fight further prosecutions for continuing criminal activity.

To determine if successive conspiracy prosecutions violate the Double Jeopardy Clause, this court uses a five-factor totality of the circumstances test to determine if more than one conspiracy exists. See United States v. Jarvis, 7 F.3d 404, 410-11 (4th Cir. 1993). The five factors are: (1) the time periods covered by the alleged conspiracies; (2) the places where the conspiracies are alleged to have occurred; (3) the identities of the charged co-conspirators; (4) the overt acts alleged to have been committed in furtherance of the conspiracies; and (5) the statutes alleged to have been violated. See id.

Applying the Jarvis test, we find that the 1997 indictment contains two differences from the 1994 indictment--the time frame and co-conspirators charged are different. The 1997 indictment charges criminal activity beginning in January 1995 and named two co-conspirators in addition to the three Defendants. Both parties agree that with the exception of these two differences, the conspiracies are the same. The Government correctly notes in its brief that this court has not published a decision addressing an identical double jeopardy issue where the conspiracy is divided by the arrest and conviction of the conspirators. However, the issue has been addressed by other circuits.

In United States v. Asher, 96 F.3d 270 (7th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3506 (U.S. Jan. 21, 1997) (No. 96-7084), the Seventh Circuit held that a convicted conspirator's re-entry into the same conspiracy for which he was previously convicted can lead to a second prosecution for conspiracy without violating the Double Jeopardy Clause. See Asher, 96 F.3d at 273-74. Asher pled guilty to an automobile theft conspiracy. He served a term of imprisonment and upon release immediately became involved in the same conspiracy. He was again charged with conspiracy and raised a double jeopardy claim. The Seventh Circuit upheld the prosecution for the second conspiracy. See id.

The Fifth Circuit uses the same five factors that this circuit uses in determining whether there is one or more than one conspiracy. See United States v. Marable, 578 F.2d 151, 154 (5th Cir. 1978). The

4

Fifth Circuit was presented with a claim substantially similar to the challenge brought by the Defendants in this case in United States v. Dunn, 775 F.2d 604 (5th Cir. 1985). Dunn maintained that he was convicted twice for his uninterrupted activities in a continuing criminal conspiracy when there was no evidence of a second agreement. See Dunn, 775 F.2d at 606. The Dunn court held that continued participation in a past conspiracy that the defendant has been charged with becomes a new conspiracy for purposes of double jeopardy. See id. at 607. The court held that an arrest ends a defendant's involvement in a criminal operation, so post-arrest activities are necessarily part of a new conspiracy. See id. at 606-07; see also United States v. Romero, 967 F.2d 63, 68 (2d Cir. 1992) (holding that defendant was not subjected to double jeopardy when tried for conspiracy to violate federal narcotics statutes and engaging in a continuing criminal enterprise, even though he had previously pled guilty to conspiracy to violate RICO in connection with drug dealing and the new charges dealt with the period after his guilty plea).

We find the reasoning of these circuits to be persuasive. The Defendants' involvement in the conspiracy charged in the 1994 indictment ended with their arrest and conviction. They are therefore subject to another conspiracy prosecution for any further involvement in the conspiracy. Accordingly, we affirm the district court's order.

AFFIRMED

5