

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2002

# USA v. Harley

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1823

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Harley" (2002). *2002 Decisions.* Paper 400.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/400

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

--------------------

Nos. 01-1823/1916

--------------------

UNITED STATES OF AMERICA

v.

RICHARD J. HARLEY,
                            Appellant    01-1823

UNITED STATES OF AMERICA

v.

JACQUELINE M. KUBE,
                            Appellant    01-1916

--------------------

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action Nos. 96-cr-00286-2 & 96-cr-00286-3)
District Judge: Honorable Thomas I. Vanaski

--------------------

Submitted Under Third Circuit LAR 34.1(a)
on March 22, 2002

Before: ROTH, NYGAARD
and AMBRO, Circuit Judges

(Opinion filed   July 16, 2002 )

ROTH**, <u>Circuit Judge</u>.

Defendants Richard Harley and Jacqueline Kube were tried in the Middle District of Pennsylvania for crimes arising out of a scheme to defraud patients and investors by promoting an unsafe and untested therapy for AIDS/HIV. Harley was convicted on seven counts of mail fraud, three counts of wire fraud, and three counts of violating the Food, Drug and Cosmetic Act. Kube was convicted on one count of mail fraud. Harley appeals his convictions on three bases: (1) that the trial court denied Harley's constitutional right to counsel, (2) that the trial court denied Harley the opportunity to impeach testimony, and (3) that the delay between the declaration of a mistrial and the order scheduling a new trial violated the Speedy Trial Act. Kube's appeal asserted that there was insufficient evidence to establish her specific intent under the mail fraud statute. For the following reasons, we will affirm the judgment of the District Court.

Under his first assignment of error, Harley argues that he did not voluntarily waive his right to counsel because the District Court failed to make a penetrating colloquy on the dangers of *pro se* representation. *Faretta v. California*, 422 U.S. 806, 835 (1975). Nevertheless, the right to counsel may be forfeited through extremely dilatory conduct. *United States v. Goldberg*, 67 F.3d 1092, 1101 (3d Cir. 1995).

2

We agree with the District Court's conclusion that Harley's conduct was extremely dilatory. Harley engaged new counsel on six occasions and repeatedly failed to satisfy his fee obligations. The numerous motions to withdraw and requests for continuance effectively constituted a forfeiture of the right to counsel.

Next, Harley argues that the District Court erred by denying him the opportunity to impeach testimony. Specifically, Harley was not prevented from confronting a key witness with evidence of that witness's prior *crimen falsi* conviction. Relying on the Rule 609(a)(2) of the Federal Rules of Evidence and *United States v. Wong*, 703 F2d 65 (3d Cir. 1983), Harley asserts that the District Court is prohibited from any exercise of discretion where a party seeks to impeach testimony with a prior *crimen falsi* conviction.

Harley, however, failed to raise the prior *crimen falsi* conviction during his cross-examination and re-cross examination of the witness. Clearly, Harley would have had ample opportunity to impeach at that time if he had tried to do so. But it was only after testimony had closed that Harley attempted to introduce evidence of the prior conviction. The District Court properly exercised its discretion to insure that evidence was presented in an organized manner. *See* Fed. R. Evid. 611(a).

Finally, Harley argues that a 144 day delay between the District Court's declaration of mistrial and scheduling of a retrial violated the seventy day limit of the Speedy Trial Act. 18 U.S.C. 3161(e). However, a closer examination of the act reveals that the seventy day limit begins running from the "action occasioning the retrial." *Id*. The

3

"action occasioning the retrial" is the order setting the case for retrial, not the declaration of a mistrial. *United States v. Crooks*, 804 F.2d 1441, 1445 (9th Cir. 1986); *United States v. Gaffney*, 689 F. Supp. 1578, 1579 (M.D. Fla. 1988). Therefore, the elapsed time from May 22, 1998, the declaration of mistrial, to October 13, 1998, the date of the denial of the motion for acquittal and of the order for retrial, is immaterial for the purposes of the Speedy Trial Act's seventy day limit.

Kube's argument on appeal also lacks merit. The standard of review for a challenge to the sufficiency of evidence is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Price*, 13 F.3d 711, 731 (3d Cir. 1994) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), cert. denied, 514 U.S. 1023 (1995). The standard of review must be considered in light of the essential elements of the crime. The court must determine that there is sufficient evidence for a rational juror to conclude that Kube (1) knew the fraudulent nature of the scheme to promote the unsafe and untested therapy, and (2) willfully participated in the scheme. *United States v. Pearlstein*, 576 F.2d 531, 534 (3d Cir. 1978). The record establishes in detail Kube's participation in several efforts to solicit investments. (App. 507 through 526; App. 576 through 582) Certainly, a rational juror would be able to conclude beyond a reasonable doubt that Kube did so knowingly and willfully.

For the reasons set forth above, we will affirm the judgements of conviction of

4

both defendants.

_____

TO THE CLERK:

     Please file the foregoing Opinion.

                         By the Court,

                         /s/ Jane R. Roth
                        Circuit Judge

5