**Rodney DAWSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 95–2362.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1996.

Decided Feb. 23, 1996.

Rehearing Denied April 18, 1996.

Fred M. Morelli, Jr. (argued), Aurora, IL, for petitioner-appellant.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, Estaban F. Sanchez (argued), Office of the United States Attorney, Springfield, IL, for United States of America.

Before CUMMINGS, FLAUM and DIANE P. WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

This case involves the question of whether a defendant who pleaded guilty to a criminal offense and entered into a stipulated judgment in a parallel civil forfeiture action, and

is later sentenced in the criminal action, may challenge that sentence on double jeopardy grounds. The district court held that he could not and thus denied his 28 U.S.C. § 2255 motion for habeas corpus. We affirm the district court's decision.

## Background

On December 4, 1991, defendant was indicted for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. He entered a plea of not guilty. On December 5, 1991, the government filed a civil forfeiture action *in rem* pursuant to 21 U.S.C. § 881(a)(7), seeking a forfeiture of defendant's residence in Peoria, Illinois.[1] The complaint was based on the same criminal conduct underlying the parallel criminal action, alleging that the residence was used to store cocaine and distribute hashish and marijuana in violation of federal drug laws.

In January 1993, defendant began simultaneous settlement negotiations with the U.S. Attorney for both the civil and criminal actions against him. The result was that on January 13, 1993, defendant pleaded guilty to the criminal action pursuant to a plea agreement and entered into a stipulated judgment of forfeiture in the civil action, under which he forfeited his residence to the United States. The stipulated judgment of forfeiture was filed with the district court on that day and was entered as a final judgment on January 22, 1993.

On October 8, 1993, defendant was sentenced in the criminal case to 105 months of imprisonment, followed by a ten-year term of supervised release. Defendant did not appeal either the civil forfeiture judgment or his criminal conviction. However, on February 13, 1995, he filed a motion to vacate the criminal sentence under 28 U.S.C. § 2255 on double jeopardy grounds. This motion was denied on May 11, 1995, and this appeal followed.

## Discussion

■■■ Two years after he voluntarily pleaded guilty to criminal violations and forfeited his residence to the United States, defendant now contends that his criminal sentence was imposed in violation of the Double Jeopardy Clause of the Fifth Amendment. In order to follow defendant's argument, it is helpful to review the chronological order of the four relevant events: (1) defendant pleaded guilty and was convicted on January 13, 1993; (2) he simultaneously entered into a stipulated forfeiture judgment in the parallel civil action; (3) the judgment of civil forfeiture was entered January 22, 1993; (4) defendant was sentenced in October 1993. Defendant challenges only the fourth event, his sentencing.

Defendant's argument is somewhat complex. First, he notes that some Courts of Appeals have interpreted *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (holding that a civil penalty can be so extreme as to violate the Eighth Amendment), and *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (holding that a civil penalty can be so extreme as to constitute a punishment for double jeopardy purposes),[2] to mean that the Double Jeopardy Clause prohibits parallel actions for criminal sanctions and civil forfeiture. See *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994) (dismissing a civil judgment of forfeiture that occurred after the defendant had been convicted and sentenced in a parallel criminal case), certiorari granted, —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996); *United States v. Ursery*, 59 F.3d 568 (6th Cir.1995)

---

**1.** Prosecutors need not bring a criminal action and a forfeiture action as separate proceedings. They are able to seek both prison and forfeiture in a single indictment. See Fed.R.Crim.P. 7(c)(2), 31(e), 32(b)(2). Such action would render useless any objection on double jeopardy grounds, "[f]or the double jeopardy clause does not bar cumulative punishments imposed in a single proceeding—whether these punishments be the ordinary combination of prison plus a fine, or consecutive terms in prison, or prison plus a forfeiture." *United States v. Torres*, 28

F.3d 1463 (7th Cir.1994), certiorari denied, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (citing *Ohio v. Johnson*, 467 U.S. 493, 500, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425).

**2.** See also *Department of Rev. of Mont. v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (holding that a financial exaction—a tax imposed only upon those persons arrested for drug offenses—is barred by a prior criminal conviction).

(dismissing a conviction that occurred after the defendant had judgment entered against him in a parallel civil forfeiture action), certiorari granted, — U.S. —, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996); *United States v. Perez,* 70 F.3d 345, 349 (5th Cir.1995) (dismissing an indictment that occurred after the defendant had a judgment entered against him in a parallel civil forfeiture action). Under the logic of these cases, because defendant's civil forfeiture occurred after his conviction in the criminal action, that forfeiture might have been a double jeopardy violation. But defendant is not challenging the forfeiture, he is challenging only the criminal sentence.

We also note that under the logic of these cases, if defendant had been found guilty after the civil forfeiture, the criminal conviction might have been a double jeopardy violation. But that is not what occurred; his conviction was completed prior to the forfeiture. To overcome this hurdle, defendant asks us not only to apply the holdings of the cases discussed above—that a civil forfeiture is a separate jeopardy—but to extend them in a rather innovative manner. Namely, to hold that jeopardy attaches at a different point in time for the prohibition against multiple punishments than for the prohibition against multiple prosecutions.

Defendant acknowledges that courts have generally held that "a defendant is considered to be convicted by the entry of his plea of guilty just as if a jury had found a verdict of guilty against him, and jeopardy therefore attaches *with acceptance of his guilty plea."* *United States ex rel. Stevens v. Circuit Ct. of Milwaukee County, Wis., Branch VIII,* 675 F.2d 946, 948 (7th Cir.1982) (emphasis added). Because the district court accepted defendant's guilty plea *prior* to jeopardy attaching in the civil action, one would think it impossible to argue that his criminal sentence was a second jeopardy. However, defendant notes that the Double Jeopardy Clause prohibits both multiple prosecutions and multiple punishments. See *United States v. Dixon,* 509 U.S. 688, —— ——, 113 S.Ct. 2849, 2855–2856, 125 L.Ed.2d 556. He contends that for purposes of the prohibition against multiple prosecutions, jeopardy attaches at the time a defendant either enters a guilty plea, is judged guilty, or is acquitted, after which he may not be *prosecuted* a second time for that same offense. However, for the purposes of the prohibition against multiple punishments, jeopardy attaches at the time a defendant suffers an initial punishment, after which he may not be *punished* a second time. Thus defendant contends that because he is making a "multiple punishments" claim, we should look to when he was punished, not when he was convicted, to determine when jeopardy attached. Thus he argues that despite the fact that jeopardy had attached in the criminal case upon the entering of his guilty plea, "punishment jeopardy" did not attach in that case until he was sentenced. Because the sentencing occurred after the civil forfeiture, defendant argues that the sentencing was a second jeopardy in violation of the Fifth Amendment.

The only Circuit Courts of Appeals to address this argument have rejected it. In *United States v. Pierce,* 60 F.3d 886 (1st Cir.1995), petition for certiorari filed (Oct. 19, 1995) (No. 95–6474), the First Circuit noted that the argument

> Implies that a defendant ought to have the option to endure an unconstitutional second trial in the hope that it will both conclude first and lead to a more lenient punishment than that eventually imposed in the first trial, and then to object to the punishment imposed in the first trial on double jeopardy grounds. We cannot locate any authority for this proposition, and we reject it out of hand. The Double Jeopardy Clause is a shield against the oppression inherent in a duplicative, punitive proceeding; it is not a tool by which the defendant can avoid the consequences of the proceeding in which jeopardy first attached. *Id.* at 890.

The Second Circuit found this reasoning persuasive and "likewise reject[ed] out of hand the theory that jeopardy in the context of successive punishments does not attach until the time of punishment." *United States v. Idowu,* 74 F.3d 387 (2d Cir.1996) (Cabranes, J.). However, as we discuss below, because

of the procedural posturing of defendant's case, it is unnecessary for us to express an opinion as to the merits of his argument.

■ The defendant did not appeal either the criminal action or the civil action against him. Such a failure to raise a constitutional challenge to a conviction on direct appeal bars its being raised later, absent a showing of good cause and prejudice. See, *e.g., Barker v. United States*, 7 F.3d 629, 632 (7th Cir.1993), certiorari denied, — U.S. —, 114 S.Ct. 939, 127 L.Ed.2d 229; *Norris v. United States*, 687 F.2d 899, 903–904 (7th Cir.1982).[3] The district court correctly noted that the burden was on the defendant to show good cause and prejudice, but found that defendant "made no attempt whatsoever to show either." [Order dated May 11, 1995, p. 4]. However, the court allowed the habeas motion to be considered only by concluding that implicit in defendant's double jeopardy argument is the fact that one of the main premises of his argument—that a civil forfeiture is a separate jeopardy—was not definitely established at the time of his sentencing. Thus the court reasoned that because that rule had not been clearly established at the time the defendant's conviction became final, he had no duty to assert his challenge and had not waived it. [Order dated May 11, 1995, p. 4]. However, the court then denied defendant's habeas motion because that same rule was a "new constitutional rule of criminal procedure" that could not be applied retroactively to defendant's situation. See *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334.

Unfortunately for the defendant, we are required to deny his habeas motion regardless of how we answer the question of when the main premise of defendant's argument— that a civil forfeiture is a separate jeopardy—became established: If it was established at the time of his conviction and sentence, then he waived the issue by not raising it on appeal; if, on the other hand, the rule was not established, then, as discussed below, *Teague v. Lane, supra*, precludes its application to defendant's situation.

■ In *Teague,* the Supreme Court held that a "new constitutional rule of criminal procedure" may not be applied retroactively. A case announces a new rule "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* at 301, 109 S.Ct. at 1070. At the time defendant's conviction became final, no court had held that a defendant who underwent parallel actions for civil forfeiture and criminal sanctions for the same conduct suffered a violation of the Double Jeopardy Clause. Each case cited by the defendant was decided after his sentence was imposed. Prior to October 1993, only the Second Circuit had expressed its opinion on the issue. *United States v. Millan*, 2 F.3d 17 (2d Cir. 1993), certiorari denied *sub nom. Bottone v. United States,* — U.S. —, 114 S.Ct. 922, 127 L.Ed.2d 215. There the court reached a conclusion exactly opposite from that asserted by defendant and held that a civil forfeiture action and a criminal action for the same offense were essentially "a single proceeding to prosecute [the defendant]" and thus did not violate the Double Jeopardy Clause.[4] Although this position was announced prior to the Supreme Court's decision in *Kurth Ranch* and has subsequently been questioned in light of that case, see, *e.g., Torres, supra, Millan* was the only case on the books in October 1993. Thus it can hardly be said that the premise that a defendant may not be subjected to parallel actions for civil forfei-

---

3. The district court properly noted that there is a narrow exception where on the face of the record a court had no power to enter the conviction or impose the sentence at all. *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927; *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195; *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628. The court did not undergo an analysis of whether the double jeopardy claim would have been facially evident at sentencing because of its disposition of the habeas motion on retroactivity grounds. We agree with the district court that in light of its disposition on the basis of retroactivity, such analysis is unnecessary.

4. That same position was subsequently adopted by the Eleventh Circuit in *United States v. One Single Family Residence*, 13 F.3d 1493 (11th Cir. 1994) ("[W]e find that the circumstances of the simultaneous pursuit by the government of criminal and civil sanctions against [the defendant] ... falls within the contours of a single, coordinated prosecution.").

ture and criminal sanctions was clearly established at the time he was sentenced.

Defendant's only attempt to circumvent the timing of the cases he cites is to contend that it is improper for us to look to case law in determining when the relevant premise was established. He argues:

> The holdings [relied upon] in regard to the double jeopardy claim are actually based on the Constitution and have been in existence for over a hundred years. Thus it is not a "new rule" but rather an application of an old rule in a new factual context. [Reply Br. p. 6].

We refuse to accept this argument because it would require the conclusion that all "constitutional rules of criminal procedure" have existed since the adoption of the Constitution and would thus render *Teague* meaningless.

### Conclusion

The rule that the Double Jeopardy Clause prohibits parallel actions for civil forfeiture and criminal sanctions was not established at the time defendant's actions were concluded. Therefore, *Teague* requires that defendant's habeas motion be denied. However, were we to conclude that the rule was clearly established at the time of his sentencing, defendant's habeas motion would still be denied because of his failure to raise the constitutional challenge on appeal.

Judgment affirmed.[5]

---

5. Defendant's motions for leave to supplement his reply brief and to cite additional authority were granted but do not alter this result.