81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harold HEMMINGER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 95-2145, 95-2696.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1996.[1]
Decided April 2, 1996.
Rehearing and Suggestion for Rehearing Denied July 1, 1996.
 
 Before CUMMINGS, ESCHBACH and MANION, Circuit Judges.
 
 ORDER
 
 1
 Harold Hemminger was arrested on October 7, 1989, after a search of his farm in Savanna, Illinois revealed more than 2,700 pounds of marijuana. On October 20, 1989, the United States filed a civil complaint seeking the forfeiture of Hemminger's farm pursuant to 21 U.S.C. § 881(a)(7). Hemminger was then indicted by a federal grand jury on January 23, 1990 on charges of conspiracy to possess with intent to distribute 1,254 kilograms of marijuana in violation of 21 U.S.C. § 846. On February 20, 1991, the district court granted the United States summary judgment in the civil forfeiture action. Hemminger pleaded guilty to the criminal charges on February 14, 1992,[2] and was subsequently sentenced to 126 months of incarceration in March 1992.
 
 
 2
 Hemminger appealed his conviction and sentence to this Court, United States v. Hemminger, 92-1646 (7th Cir.), but successfully moved to dismiss that appeal prior to a decision being reached. Subsequently, on May 10, 1993, Hemminger filed with the district court a motion for collateral review of his sentence pursuant to 28 U.S.C. § 2255. This Court affirmed the district court's denial of that motion, holding that Hemminger had neither shown cause for failing to raise his claims on direct appeal, nor demonstrated prejudice from the alleged errors. Hemminger v. United States, 41 F.3d 1510 (7th Cir.1994) (table).
 
 
 3
 Hemminger subsequently filed another motion for collateral review pursuant to 28 U.S.C. § 2255, this time alleging that because of his civil forfeiture, his criminal conviction violated the Double Jeopardy Clause of the Fifth Amendment. The district court denied that motion on the basis that Hemminger had waived the issue by failing to raise it on direct appeal (or, for that matter, in his first § 2255 motion) and had not shown cause for the failure. Hemminger now appeals that decision.[3]
 
 
 4
 Hemminger concedes that he did not raise his double jeopardy claim on direct appeal. However, he argues that this failure should not act as a waiver because the cases on which he relies--those holding that a civil forfeiture action and a criminal conviction for the same conduct can violate the Double Jeopardy Clause--were decided after the time of his conviction. See Department of Revenue v. Kurth Ranch, 114 S.Ct. 1937 (1994); United States v. Austin, 113 S.Ct. 2801 (1993); United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994). The district court held that because United States v. Halper, 490 U.S. 435 (1989), which held that a legislature's description of a statute as civil does not foreclose the possibility that it has a punitive character, was decided prior to his conviction, Hemminger could not show cause for his failure to raise the double jeopardy issue on direct appeal. Thus it denied his § 2255 motion.
 
 
 5
 This Court has suggested that the claim that a simultaneous civil forfeiture and criminal conviction violates the Fifth Amendment may not have been sufficiently clear to say that defendants convicted prior to Austin and Kurth Ranch are unable to show cause for failing to raise the issue on direct appeal. See Dawson v. United States, No. 95-2362, 1996 WL 75839 (7th Cir. February 23, 1996). However, as we held in Dawson, even if a defendant is able to overcome the waiver hurdle, he still runs head first into the prohibition against applying "new constitutional rules of criminal procedure" retroactively. Teague v. Lane, 489 U.S. 288. A new constitutional rule is one that "was not dictated by precedent existing at the time the defendant's conviction became final," and may not be applied to that defendant. Id. at 301. Thus even if we were to agree with Hemminger that he had not waived his double jeopardy claim because the argument was not "clearly dictated" at the time of his conviction, the district court was still correct in denying his § 2255 motion because the double jeopardy rule for which he argues could not be applied retroactively. Dawson, 1996 WL 75839, at * 3.
 
 
 6
 Judgment affirmed.
 
 
 
 [1]
 After preliminary examination of the briefs, the Court notified the parties that it had tentatively concluded that oral argument would not be helpful to the Court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 Hemminger first pleaded guilty to the conspiracy charge on October 11, 1990. However, the district court rejected the agreed sentence contained in the original plea agreement and then granted Hemminger's subsequent motion to withdraw his guilty plea on February 20, 1991
 
 
 [3]
 Hemminger has two appeals before us. He initially brought before the district court a motion for a new trial pursuant to Fed.R.Crim.P. 33. The court denied that motion and he appealed the denial to this Court. However, he now concedes in his brief that because he pleaded guilty, and thus no trial was ever held in his case, Rule 33 relief is unavailable to him. See United States v. Collins, 898 F.2d 103, 104 (9th Cir.1990) (per curiam) (holding that Rule 33 relief is unavailable to a party who forgoes a trial by pleading guilty). Thus Appeal No. 95-2145 is dismissed as moot and we proceed only with his § 2255 motion--his double jeopardy claim