92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
J.B. RUSH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1027.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1996.*
Decided July 25, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 In his second 28 U.S.C. § 2255 motion challenging his November 1988 conviction on heroin-related conspiracy and possession charges, J.B. Rush ("Rush") contends his conviction unconstitutionally subjected him to double jeopardy since his automobile was previously forfeited to the government in an administrative hearing conducted by the United States Drug Enforcement Administration. Because the prior forfeiture proceeding did not put him in jeopardy, we affirm the denial of his motion.
 
 
 2
 On June 9, 1988, Rush was arrested at Chicago's Union Station for suspicion of violating federal drug trafficking laws, 21 U.S.C. § 841(a)(1) and § 846. At the time of the arrest, Rush and an accomplice (another man who Rush met at the station) were apprehended while in possession of a suitcase containing wrapped packets of heroin. United States v. Rush, 890 F.2d 45, 46 (7th Cir.1989). The federal agents also seized Rush's automobile, a 1988 Cadillac which was parked outside Union Station, pursuant to a federal forfeiture and seizure statute 21 U.S.C. § 8881(a) which permits government forfeiture of property which is linked to drug trafficking or drug dealing.
 
 
 3
 Despite receiving notice of the forfeiture proceeding,[1] Rush did not file a claim or make an appearance. (Gov.Br. at 2). He likewise denied ownership of the Cadillac during his criminal trial. On direct appeal, Rush unsuccessfully challenged his conviction and sentence by alleging evidentiary errors and ineffectiveness of counsel. (Gov.Br. at 3). In October of 1991, he filed a motion under 28 U.S.C. § 2255 to vacate his sentence, alleging that both his trial and appellate counsel rendered ineffective assistance and that he had improperly received a sentencing enhancement for obstruction of justice. (Gov.Br. at 4).
 
 
 4
 After the district court denied his first § 2255 motion, and after the denial was affirmed by this court, Rush filed this § 2255 motion, raising the issue of double jeopardy by contending that he was punished twice for his heroin-related crimes--first through the forfeiture of his automobile and then through his later conviction and sentencing. The district court dismissed the petition without a hearing stating that it was "frivolous" and noting that "[a] default judgment in a forfeiture action by the United States does not bar an indictment and subsequent conviction of a drug offender. United States v. Torres (cite omitted)." (R. at 179).
 
 
 5
 On appeal, Rush argues that he has demonstrated sufficient cause and prejudice to excuse his procedural default, see Dawson v. United States, 77 F.3d 180, 183 (7th Cir.1996), for not raising the double jeopardy issue on direct appeal or in his first § 2255 motion. Rush also attempts to distinguish his case from Torres arguing that the district court erred in finding that he was not a "party" to the forfeiture suit and thus not put in "jeopardy" by it.
 
 
 6
 We do not need to consider whether Rush can overcome his procedural default or whether he was a non-party to the forfeiture action and thus barred from obtaining relief by United States v. Torres, 28 F.3d 1463, 1466 (7th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 669 (1994). In addition to these obstacles, Rush's arguments are doomed on the merits. The Supreme Court recently held that civil in rem forfeitures do not constitute punishment for purposes of the Double Jeopardy Clause. United States v. Ursery, No. 95-345, 1996 WL 340815, * 16 (June 24, 1996). Without suffering a prior punishment, Rush has no claim under the Double Jeopardy Clause's guarantee that "no person shall be subject for the same offense to be twice put in jeopardy of life of or limb...." U.S. Const. Amend. V. Accordingly, we AFFIRM the dismissal of Rush's § 2255 motion based on Ursery.[2]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Rush admits receiving notice on June 29, 1988 that this Cadillac would be the subject of a September 19, 1988 forfeiture proceeding. Because Rush did not appear in this proceeding, a default judgment was entered forfeiting the Cadillac to the government. (Rush's Br. at 2)
 
 
 [2]
 On April 24, 1996, during the pendency of this application, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (Pub.L. 104-132, 110 Stat. 1214). Title I of this Act significantly curtails the scope of federal habeas corpus review. We need not decide in this case to what extent the amendments in the Act apply to petitions pending when the Act was signed into law, or what effect those amendments have if they apply, because even under the more expansive scope of review permitted prior to the Act, the petitioner in this case is not entitled to relief