JUSTICE LEAPHART,
specially concurring.
¶37 I specially concur. Although I concur with the result reached by the Court, I take issue with the Court’s suggestions in paragraphs 28 and 29 that the withdrawal of a guilty plea does not entail a waiver of a constitutional right. I would agree that if a defendant is allowed to withdraw a plea before a court accepts a plea, no constitutional right is implicated. However, when a court (as here) accepts a guilty plea and then, at a later juncture, decides to reject the plea and allow a defendant to withdraw the plea, constitutional rights are implicated. This is so because once a jury has been emplaneled and sworn, Crist v. Bretz, 437 U.S. 28, 35, 98 S. Ct. 2156, 2161 (1978), or the court accepts a plea of guilty, jeopardy has attached under the Fifth Amendment to the United States Constitution and Article II, § 25 of the Montana Constitution. “[a]s a general rule, jeopardy attaches in a criminal case at the time the district court accepts the defendant’s guilty plea.” See U.S. v. Patterson, 381 F.3d 859 (9th Cir. 2004), U.S. v. Cambindo Valencia, 609 F.2d 603, 637 (2d Cir. 1979) (stating “it is axiomatic of the double jeopardy clause that jeopardy attached once [the defendant’s] guilty plea was accepted”); see also United States v. Bond, 87 F.3d 695, 699 (5th Cir. 1996); United States v. Alt, 83 F.3d 779, 781 (6th Cir. 1996); Dawson v. United States, 77 F.3d 180, 182 (7th Cir. 1996); United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995).
¶38 Once jeopardy has attached, a defendant has the constitutional right to proceed to judgment before the chosen jury or tribunal as to the charges pending when his plea was accepted. That being the case, the court cannot allow a defendant to withdraw a guilty plea without first advising the defendant that in doing so, he is foregoing his right not to be placed again in jeopardy and exposing himself to new charges which carry significantly greater punishment. Further, any consent to waive the double jeopardy protection must come from the defendant himself, either orally on the record, or, consistent with § 46-12-210(2), MCA, through a written acknowledgment.
*361 ¶39 It appears that the confusion in this case arises from the fact that the District Court first accepted Bullplume’s guilty plea and set the matter for sentencing. Only later, after reviewing the presentence report, did the Court change its mind and decide to reject the plea. This is not the procedure envisioned by the statues. Rather, the Court should allow the defendant to enter his/her plea pursuant to the agreement. At that time, the Court may “accept or reject the agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.” Section 46-12-211(2), MCA. However, once the Court accepts the plea, jeopardy has attached. If, as here, the Court accepts the plea before seeing the presentence report, it cannot subsequently change its mind without addressing the fact that jeopardy has attached.
¶40 Thus, I concur with this Court’s conclusion that the District Court must satisfy itself that the defendant understands his statutory right to stand on the guilty plea. However, and more importantly, I would hold that the District Court must advise the defendant that, in withdrawing his plea, (1) he is waiving his constitutional right not to be placed again in jeopardy, and (2) he is exposing himself to the filing of new charges which carry significantly greater punishment. Secondly, the court must obtain the defendant’s specific acknowledgment that he understands and consents to the above jeopardy.