UNITED STATES of America, Appellee,

v.

Yahya M. AHMED, also known as Yaha M. Ahmaed, also known as Ahmed M. Yahya, Defendant–Appellant.

No. 147, Docket 92–1225.

United States Court of Appeals, Second Circuit.

Argued Sept. 30, 1992.

Decided Nov. 25, 1992.

Samuel A. Abady, New York City (Henry L. Saurborn, Jr., Kurzman Karelsen & Frank, of counsel), for appellant.

Celeste L. Koeleveld, Asst. U.S. Atty., S.D. New York, New York City (Otto G. Obermaier, U.S. Atty., Paul G. Gardephe, Asst. U.S. Atty., S.D. New York, of counsel), for appellee.

Before: MESKILL, Chief Judge, LUMBARD and CARDAMONE, Circuit Judges.

MESKILL, Chief Judge:

Yahya M. Ahmed appeals from the denial of a motion to dismiss his indictment on double jeopardy grounds in the United States District Court for the Southern District of New York, Edelstein, *J.* We must decide whether evidence of a failure to appear in court, introduced to show consciousness of guilt in a narcotics trial, bars a later prosecution for bail jumping. We answer this question in the negative.

Ahmed also appeals from Judge Edelstein's refusal to recuse himself. Since that ruling, however, Judge Edelstein directed the clerk of court to reassign the case to a different judge. Therefore, the recusal issue is moot.

## BACKGROUND

On November 19, 1987, Ahmed was charged in the United States District Court for the District of Maryland in a two count indictment with conspiracy to possess heroin with the intent to distribute and with possession of heroin with the intent to distribute pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), respectively. Ahmed was subsequently arrested in New York on January 25, 1988 and presented before

Magistrate Judge Dolinger in the Southern District of New York. Ahmed posted bail after a hearing. He was ordered to appear in the District of Maryland on February 8, 1988 to face the narcotics charges. Ahmed failed to appear, and a bench warrant for his arrest was issued by Magistrate Judge Dolinger in New York. On July 27, 1989 a grand jury in the Southern District of New York indicted Ahmed for violating the bail jumping statute, 18 U.S.C. § 3146.

On March 30, 1990 federal agents arrested Ahmed at Newark International Airport. He was transferred to the District of Maryland and was tried on the narcotics charges. At trial, prosecutors introduced evidence of Ahmed's failure to appear to show consciousness of guilt. The narcotics charges were eventually dismissed due to insufficient evidence. Ahmed was then removed to the Southern District of New York to face the bail jumping charge.

At the pretrial hearing, Ahmed moved to dismiss the indictment as violative of the Fifth Amendment Double Jeopardy Clause, and for Judge Edelstein to recuse himself from the case. Judge Edelstein entered an order denying both motions. *United States v. Ahmed*, 788 F.Supp. 196 (S.D.N.Y.1992). Subsequently, Judge Edelstein directed the clerk of court to reassign the case to a different judge. Since the issue regarding Judge Edelstein's recusal is now moot, we will address only the double jeopardy claim.

## DISCUSSION

### 1. *Appellate Jurisdiction*

■ Generally, a federal court of appeals may only review appeals from final decisions of the district court. 28 U.S.C. § 1291. However, the Supreme Court has held that this Court has appellate jurisdiction to hear an interlocutory appeal of a double jeopardy claim as a "collateral order" exception to the final judgment rule. *Abney v. United States*, 431 U.S. 651, 656–62, 97 S.Ct. 2034, 2038–42, 52 L.Ed.2d 651 (1977). *See also United States v. Romero*, 967 F.2d 63, 65 (2d Cir.1992). Therefore, this appeal is properly before us.

### 2. *Double Jeopardy*

■ The Fifth Amendment mandates: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Courts must engage in a two step inquiry to determine whether a subsequent prosecution violates the Double Jeopardy Clause. First, a court will apply the traditional test enunciated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). That test prohibits separate prosecutions where offenses have identical statutory elements or where one is a lesser included offense of the other. *Id.* In this case, Ahmed was charged with separate offenses in each proceeding. In the Maryland trial, Ahmed was charged with narcotics offenses. While the prosecution in that trial introduced evidence relating to Ahmed's failure to appear in order to show consciousness of guilt of the narcotics offenses, he was not charged with failure to appear. In the New York prosecution, Ahmed is being charged only with jumping bail. Since the Maryland and New York charges have entirely different operative facts, *Blockburger* does not bar the New York trial.

Having survived the *Blockburger* test, we look to the more recent case of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), for additional guidance. In *Grady*, the Supreme Court concluded that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 521, 110 S.Ct. at 2093. Ahmed asserts that his bail jumping prosecution is barred by the Double Jeopardy Clause because evidence of his failure to appear was introduced at his Maryland narcotics trial to show consciousness of guilt. He claims that the use of this evidence in the instant bail jumping case would violate the "same conduct" double jeopardy test in *Grady*. We disagree.

■ In *Grady*, the defendant, Thomas Corbin, allegedly intoxicated, drove his au-

tomobile on the wrong side of the road and struck two oncoming cars, injuring one person and killing another. Corbin was served with two traffic tickets charging him with failing to keep to the right side of the median and driving under the influence of alcohol. Corbin pleaded guilty to these charges, was assessed a fine, and his license was revoked for a period of time. Subsequently, a grand jury indicted Corbin with various homicide and assault charges. The bill of particulars showed that the prosecution was to rely on the traffic offenses as elements of the homicide and assault charges. The Supreme Court held that the prosecution for the homicide and assault charges was barred under the Double Jeopardy Clause because the prosecution would have to "prove the entirety of the conduct for which Corbin was convicted ... to establish essential elements of the homicide and assault offenses." *Id.* at 523, 110 S.Ct. at 2094. The Supreme Court did not hold, as Ahmed would have us believe, that no evidence of conduct shown in an earlier proceeding may be introduced at a later trial in order to support other charges. *See United States v. Evans,* 951 F.2d 729, 737 (6th Cir.1991), *cert. denied,* ⸺ U.S. ⸺, 112 S.Ct. 1966, 118 L.Ed.2d 567 (1992). It is not necessarily the establishment of the same conduct that is forbidden, but the establishment of the unlawful conduct that was the basis of the previous conviction. *Id.* In the present case, then, the prosecution would be barred from introducing evidence of conduct that constituted the narcotics charges in a subsequent prosecution, but not evidence of Ahmed's failure to appear, which was merely used to establish his consciousness of guilt in the narcotics case.

■ The Supreme Court more recently clarified its position on the Double Jeopardy Clause in similar circumstances in *United States v. Felix,* ⸺ U.S. ⸺, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). In that case, the defendant, Felix, was tried and convicted in the Western District of Missouri for attempting to manufacture methamphetamine. At that trial, in order to prove Felix's criminal intent, the prosecution introduced evidence that Felix had manufac-

tured methamphetamine in Oklahoma earlier that year. Felix was convicted of these charges, and was then indicted in the Eastern District of Oklahoma for offenses related to manufacture, possession and intent to distribute methamphetamine in Oklahoma. At the Oklahoma trial, the prosecution to prove these crimes introduced much of the same evidence as it did to show criminal intent at the Missouri trial. Felix was also convicted on these charges. In upholding the jury verdict, the Supreme Court reasoned that "none of the offenses for which Felix was prosecuted in the Oklahoma indictment is in any sense the 'same offense' as the offense for which he was prosecuted in Missouri." *Id.* at ⸺, 112 S.Ct. at 1382, 118 L.Ed.2d 25. "[N]o matter how much evidence of the Oklahoma transactions was introduced by the Government to help show Felix' state of mind, he was not prosecuted in the Missouri trial for any offense other than the Missouri attempt offense with which he was charged." *Id.* A mere overlap of evidence in two prosecutions "does not establish a double jeopardy violation." *Id.* See also *United States v. Prusan,* 967 F.2d 57, 60 (2d Cir.), *cert. denied sub nom. Vives v. United States,* ⸺ U.S. ⸺, 113 S.Ct. 497, 121 L.Ed.2d 434 (1992); *Romero,* 967 F.2d at 67.

■ Although some of the same evidence that the government introduced at the Maryland trial may be introduced at this trial, its introduction would not constitute a double jeopardy violation. Indeed, both *Grady* and *Felix* emphasized that the Court was not adopting a "same evidence" test. *Grady,* 495 U.S. at 521 & n. 12, 110 S.Ct. at 2093 & n. 12; *Felix,* ⸺ U.S. at ⸺, 112 S.Ct. at 1382. As the Court in *Felix* pointed out, "the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct." ⸺ U.S. at ⸺, 112 S.Ct. at 1383. Therefore the introduction of Ahmed's failure to appear as evidence of consciousness of guilt at the Maryland narcotics trial does not bar the prosecution for bail jumping in New York. Since appellant was not previously prosecuted for the conduct for which he is currently charged, this

prosecution does not violate the Double Jeopardy Clause.

## CONCLUSION

The order denying the motion to dismiss the indictment on the ground that the prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment is affirmed.