UNITED STATES of America, Appellee,

v.

Gerald MILLER, and William Graham, Defendants–Appellants.

Nos. 93, 94 and 174, Dockets 93–1048, 93–1049 and 93–1168.

United States Court of Appeals, Second Circuit.

Argued Aug. 31, 1993.

Decided Jan. 24, 1994.

Daniel N. Arshack, New York City (Stephanie T. Knowles, of counsel), for defendant-appellant Gerald Miller.

Leslie R. Caldwell, Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY (Peter A. Norling, Asst. U.S. Atty., Mary Jo White, U.S. Atty., of counsel), for appellee U.S.

William Graham, pro se, filed a brief.

Before: FEINBERG, CARDAMONE and ALTIMARI, Circuit Judges.

CARDAMONE, Circuit Judge:

The two appellants before us on this appeal face the prospect of long term federal sentences following convictions for, among other violations, narcotics trafficking and racketeering. Much of the evidence collected against them derived from wiretaps of each of the appellant's home telephones. The state court prosecutions brought prior to the federal prosecutions for the same unlawful activities ended with the dismissals of their indictments. As a result of the state court granting a motion to suppress some of the wiretap evidence in Graham's trial, they both moved to suppress the use of the wiretap evidence at their federal trials. Asserting invasion of their privacy rights, appellants also sought to enjoin the government from presenting this proof at Miller's trial and Miller moved for a stay of his trial in the district court and here. All this proved unsuccessful.

Both appellants have been tried and convicted and the government has moved to dismiss as moot their appeals from the denial of the interlocutory relief they sought before Miller's jury trial was concluded. Appellants complain essentially of developments during the prosecution of the government's case against Miller which, like water passing over the top of a dam, may not be retrieved on these appeals. Because the matters before us are moot, the appeals are dismissed.

BACKGROUND

A. State Proceedings

In March 1990 appellants Gerald Miller and William Graham were indicted in New York State Supreme Court, Queens County, for narcotics trafficking. The indictment was bottomed primarily on evidence intercepted by wiretaps placed on their home telephones. In November 1991 State Supreme Court Justice Finnegan granted Graham's motion to suppress tapes of his conversations intercepted on the Miller wiretap. The motion to suppress was granted because, although the prosecution had probable cause to believe Graham was engaged in the criminal activity under investigation and that his communications would be intercepted on Miller's telephone, the prosecutor had failed to list Graham in the wiretap application or warrant. The state court also suppressed Graham's conversations intercepted on his own telephone because it found that the affidavits filed in support of the intercept application contained false and misleading statements. The state prosecution against Graham was subsequently dismissed.

Miller then filed a motion to suppress in State Supreme Court urging collateral estoppel because his motion was similar to the one Graham had filed. Justice Finnegan granted this motion to the extent Miller had standing to suppress one conversation to which he was a party intercepted on the Graham wiretap, granted a hearing with respect to evidence derived from conversations intercepted over Graham's telephone, and directed a hearing regarding the validity of the Miller wiretap. Because the state's case against Miller was subsequently dismissed on state statutory speedy trial grounds, the hearings were never held.

B. Federal Proceedings

In December 1991 Graham was indicted by a federal grand jury on three counts of narcotics trafficking. He moved in the United States District Court for the Eastern District of New York (Raggi, J.) to suppress the use of the state wiretap evidence in his criminal case, arguing its use was prohibited because the state court had previously ruled it had been unlawfully obtained. Judge Raggi denied his motion, holding that the state court determination of inadmissibility did not bind the federal court. Graham was subsequently convicted at trial and sentenced to 30 years imprisonment. His conviction was affirmed on December 17, 1993.

In January 1992 Miller was indicted with 11 others by a federal grand jury in the Eastern District of New York and charged with 10 counts that included racketeering, narcotics trafficking and witness intimidation. On May 15, 1992 Miller moved to suppress wiretap evidence obtained pursuant to the state wiretap orders.

On December 30, 1992 Graham moved in the Eastern District of New York (Dearie, J.) for a temporary restraining order prohibiting the prosecutor from offering into evidence at the Miller trial intercepted conversations to which Graham was a party. Graham asserted that these communications were the subject of a state court suppression order and would violate his right to privacy if admitted into evidence in Miller's trial. By an order dated January 18, 1993 the district court denied the motion and a subsequent motion for a stay. Graham appealed and moved in this court for a stay pending appeal, which was denied on January 29, 1993.

Miller also moved before Judge Dearie for a temporary restraining order prohibiting the government from using in his federal prosecution the wiretap evidence previously suppressed by the state court, maintaining its use would violate his privacy rights as well as those of his family and friends and that this violation was one that could not be corrected by a successful appeal after conviction. The district court denied the motion and a subsequent application Miller made for a stay pending appeal. Miller then moved in this Court for a stay pending appeal, which was also denied on January 29, 1993.

By order dated March 2, 1993 Judge Dearie denied Miller's motion to suppress tapes of the intercepted conversations, upholding the validity of the wiretaps on the grounds that the state officials did not seek to deceive the state court or act in a careless manner. He also denied Miller's motion to quash a subpoena issued to his state court attorney for financial records pertaining to Miller's payment of legal fees. Miller appealed these orders.

On March 31, 1993 Miller moved to consolidate appeals from the denials of (1) his temporary restraining order, (2) the motion to stay his trial, (3) his motion to suppress and (4) his motion to quash the subpoena. He also moved us to stay his trial pending appeal. Graham joined Miller's request that the appeal of these orders be consolidated with Graham's direct criminal appeal. On April 9, 1993 the government moved to dismiss the appeals from the denial of the temporary restraining order and the motion to suppress. On April 20, 1993 a motions panel of this Court granted the motion insofar as it sought to consolidate Miller's interlocutory appeals, but denied the application for a stay of Miller's trial pending appeal and denied the motion to consolidate Graham's direct appeal with the interlocutory appeals in Miller's case. Miller's trial began on April 26, 1993 and concluded two months later on June 21 when a jury found him guilty on seven counts of the indictment. He awaits sentencing.

Graham has appealed from the denial of his motion for injunctive relief. The motions panel that consolidated Miller's interlocutory appeals and denied the stay of his trial referred the government's motion to dismiss Miller's interlocutory appeal to this panel. Thus we must first decide whether we have jurisdiction to hear Graham's and Miller's appeals from the denials of their motions for temporary restraining orders and stays during the preliminary stage of the prosecution.

## DISCUSSION

### A. *Graham's Appeal*

We consider Graham's arguments first. Both appellants styled their motions for temporary restraining orders as civil actions. An appellate court has jurisdiction to hear appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1) (1988). Although Judge Dearie did not hold a hearing on Graham's motion for a temporary restraining order, he based his denial of Graham's motion on the factual findings made in the July 1992 hearing held by Judge Raggi where the admissibility of this evidence in Graham's own trial was decided. Judge Raggi correctly ruled that state court rulings in a criminal trial are not binding on a federal court. This follows from the basic notion that in our federal system state and national sovereignty are separate and distinct from one another, and each political entity has power to determine what are offenses against it and to try and punish such offenses independently. *See United States v. Wheeler,* 435 U.S. 313, 320, 98 S.Ct. 1079, 1084, 55 L.Ed.2d 303 (1978); *United States v.*

*Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922).

█ In denying Graham's motion for a temporary restraining order, Judge Dearie treated it in effect as an application for a preliminary injunction. His denial is thus appealable under § 1292(a)(1). *See Virginia v. Tenneco, Inc.,* 538 F.2d 1026, 1029–30 (4th Cir.1976). But Graham's appeal from the denial of injunctive relief is moot since the tapes of the intercepted conversations on his home telephone have already been played at Miller's trial. Further, the tapes at issue in the unsuccessful application for injunctive relief had been played at Graham's own trial. Under these circumstances no justiciable controversy exists because "the acts sought to be enjoined [have] been completely executed, and there [is] nothing that the judgment of [this] court ... could have affected." *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n,* 219 U.S. 498, 514–15, 31 S.Ct. 279, 383, 55 L.Ed. 310 (1911); *see also Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees of Am., Div. 998 v. Wisconsin Employment Relations Bd.,* 340 U.S. 416, 418, 71 S.Ct. 373, 374, 95 L.Ed. 389 (1951). For a similar reason Graham's appeal of the denial of the stay of Miller's trial is also moot because that trial has been completed. Hence, the "cat is out of the bag" so to speak, and there is no way the trial court or this Court can put it back in.

## B. *Miller's Appeal*

█ Turning now to the issues Miller has raised, it appears that Miller's application for a temporary restraining order was also denied by the district court without a hearing. There is of course no right to appeal the denial of a temporary restraining order under § 1292(a)(1), unless the TRO meets the narrow requirements for being treated as a preliminary injunction. *See Tenneco,* 538 F.2d at 1029–30. In response to Miller's pending motion to suppress the wiretap evidence, the district court did hold a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), on the day after Miller's temporary restraining order was denied. At that hearing it was determined that there was proba-

ble cause for issuance of the wiretap warrant. This subsequent hearing cannot raise the denial of the temporary restraining order to a denial of a preliminary injunction so as to make it appealable under § 1292(a)(1).

Even if it can be inferred that the trial court relied on the previous hearing held in connection with the Graham trial to convert Miller's motion for a temporary restraining order into a hearing on a preliminary injunction, Miller like Graham faces the same bar of mootness because the tapes have also been played at his trial. Moreover, it was not inappropriate for the prosecution to play these tapes at Miller's trial as the district court had already considered the issues appellant raised and ruled adversely to him on the merits by its denial of a temporary restraining order and by its denial of the motion to suppress or to grant a stay of the trial. Miller's appeal of the denial of the stay of his trial is also dismissed as moot because Miller's trial has been completed.

## C. *Collateral Order Doctrine*

█ In the alternative, appellants contend their motions for temporary restraining orders should be reviewed as an exception to the finality rule of § 1291 because they fall within the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The final judgment required for appellate review under § 1291 normally does not occur in a criminal case until after conviction and sentencing. *See Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798–99, 109 S.Ct. 1494, 1497–98, 103 L.Ed.2d 879 (1989). Interlocutory appeals during a criminal prosecution have been limited to three narrow classes of cases: denial of a motion to dismiss based on the Double Jeopardy Clause, *see Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977), requiring the posting of excessive bail, *see Stack v. Boyle,* 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951), and violations of the Speech or Debate Clause, *see Helstoski v. Meanor,* 442 U.S. 500, 508, 99 S.Ct. 2445, 2449, 61 L.Ed.2d 30 (1979). *See United States v. Helmsley,* 864 F.2d 266, 268–70 (2d Cir.1988) (dismissing appeal as not falling

within any of the three types of criminal cases meeting the collateral order exception), *cert. denied*, 490 U.S. 1065, 109 S.Ct. 2063, 104 L.Ed.2d 628 (1989).

■ To be reviewable under the collateral order doctrine a decision must "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225–26. "To fall within the limited class of final collateral orders, an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *Midland Asphalt Corp.*, 489 U.S. at 799, 109 S.Ct. at 1498 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).

Applying this test to the facts in the instant case, appellants have met the first prong of the test because the denials of the motions for injunctive relief conclusively decided appellants' privacy rights associated with the admissibility of Graham's and Miller's tapes at Miller's trial. Further, the denials resolved issues separate from the merits of the underlying criminal prosecution. But appellants have not met the third prong of the test requiring that the order escape review from a judgment of conviction. The admissibility of the wiretap evidence may be or could have been reviewed effectively on appeal from a final judgment in each of appellant's cases because the wiretap evidence was admitted in each of their trials. Appellate review of Miller's conviction may well vindicate the privacy rights of Miller or Graham and any third parties who may have been injured by disclosure of the intercepted conversations at Miller's trial, if any of these privacy rights are found to have been unlawfully invaded.

Miller relies on *United States v. Gerena*, 869 F.2d 82 (2d Cir.1989), for the proposition that we should undertake immediate review now. But *Gerena* presented a different factual situation than the instant one. In that case the trial court suppressed a portion of the government's wiretap evidence and the government appealed. While the appeal was pending, the government obtained an order authorizing the unsealing of unsuppressed tapes for use in a proceeding to which the defendants were not parties. When the defendants were unsuccessful in enjoining the government's use of the tapes, they appealed. *See id.* at 83. We ruled that the order unsealing the tapes fell within the collateral order doctrine since it conclusively rejected the appellants' privacy claims, resolved an important issue separate from the merits of the action, and would effectively be unreviewable on appeal from a final judgment. *See id.* at 83–84.

Here the admissibility of the wiretap evidence has been adjudicated in appellants' *own* criminal trials and may be or could have been reviewed on appeal from a final judgment on the merits. An interlocutory appeal in a criminal matter is justified only when the right to be vindicated is lost if appellant is made to wait until the entry of a final judgment before appealing. *See United States v. Levy*, 947 F.2d 1032, 1034 (2d Cir. 1991). Absent such a circumstance review is not authorized.

As Miller has not briefed the denial of his motion to quash the subpoena issued to his state court attorney, we do not discuss this matter although it was consolidated with the other orders on appeal.

## CONCLUSION

Accordingly, for the reasons stated, the interlocutory appeals in both cases are dismissed.