56 F.3d 61
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 ORLANDO OSPINA-VARGAS, Plaintiff-Appellant,
v.
UNITED STATES of America; Gianvittore Fabbri, Chief Judge,
Tribunale di Roma Terza Sezione Penale; Stefano Palla,
Judge, Tribunale di Roma Terza Sezione Penale; Adriana
Vecchiarelli, Judge, Tribunale di Roma Terza Sezione Penale;
Franco Ionta, Sostituto Procuratore della Republica, di
Roma, Defendants-Appellees.
 No. 94-1753.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 31, 1995
Decided: May 24, 1995
 
 Scott T. Kalisch, KALISCH & LYONS, P.A., Miami, FL, for Appellant. Frank W. Hunger, Assistant Attorney General, Helen F. Fahey, United States Attorney, Michael Jay Singer, Freddi Lipstein, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellees.
 Before MURNAGHAN, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Orlando Ospina-Vargas appeals the denial of his motion for a Temporary Restraining Order (TRO), brought pursuant to 28 U.S.C. Sec. 1331 (1988) and Fed.R.Civ.P. 65. Because the act which OspinaVargas sought to prevent has occurred, we dismiss his appeal as moot.
 
 
 2
 Ospina-Vargas, imprisoned in Italy and awaiting trial for violating Italian narcotics laws, brought suit in federal district court for the Eastern District of Virginia, to enjoin the taking of certain testimony in Virginia to be used in his criminal trial in Italy. Specifically, Ospina-Vargas hoped to prevent Prosecutor Ionta and Judges Fabbri, Palla, and Vecchiarelli of the Italian Court from questioning three agents of the United States Drug Enforcement Association (DEA), pursuant to the Treaty on Mutual Assurance on Criminal Matters, Nov. 9, 1982, U.S.--Italy, art. 14, 24 I.L.M. 1542-49 (Mutual Assistance Treaty or Treaty). Ospina-Vargas maintained that the taking of this testimony outside of his presence violated both the Mutual Assistance Treaty[1] and the United States Constitution. Because the testimony was scheduled to be taken on May 16, 1994, the very day that Ospina-Vargas filed his complaint, he also filed a motion for a Temporary Restraining Order (TRO), seeking to postpone the proceedings "until such time as Ospina-Vargas is present." (J.A. at 12). The district court declined to issue the TRO, finding that Ospina-Vargas failed to comply with the terms of the Mutual Assistance Treaty, which required that he make a request to the Italian court to attend the proceedings in the United States.[2]
 
 
 3
 The district judge observed that Ospina-Vargas's attorneys were aware, at least by April 20, that the witnesses would be deposed in the United States, but took no action prior to filing the injunction action in federal court on May 16. The court stated that the requirement in the Treaty that the accused make a request to the Italian courts was "extremely clear." (J.A. at 69). The judge noted further that "under Italian law the accused is deemed to have waived his presence if his counsel does not request that he attend the depositions." (J.A. at 73).
 
 
 4
 The court also found that Ospina-Vargas made no showing of irreparable harm, because under the Treaty, Italy could have denied his request to attend the deposition had there been a "reasonable basis" for the denial. (J.A. at 74). Finally, the district court considered the cost of postponement to the Italian and United States governments, noting that four Italian officials and the DEA agents had already travelled to Virginia for questioning. Weighing these factors, the court found "no basis in equity to grant plaintiff's request." (J.A. at 74). The DEA agents were deposed as scheduled. Ospina-Vargas filed a timely notice of appeal.[3]
 
 
 5
 Although "ordinarily a TRO is not an appealable order" under 28 U.S.C. Secs. 1291, 1292 (1988), because Ospina-Vargas seeks the same relief in the restraining order that he asks for in his underlying civil suit, this Court may treat the denial as a preliminary injunction. Virginia v. Tenneco, Inc., 538 F.2d 1026, 1029-30 (4th Cir.1976). Accordingly, we may hear the appeal under Sec. 1292(a)(1). Id.; United States v. Miller, 14 F.3d 761, 764 (2d Cir.1994). However, because we conclude that the TRO issue is moot, we lack subject matter jurisdiction over the appeal, and must dismiss.
 
 
 6
 Ospina-Vargas sought to prevent the taking of certain testimony in his absence. This testimony was taken. This Court has held that "[a]n appeal of the denial of an injunction to prohibit an act is rendered moot by the happening of the act." Railway Labor Executives' Ass'n v. Chesapeake W. Ry., 915 F.2d 116, 118 (4th Cir.1990), cert. denied, 499 U.S. 921 (1991).
 
 
 7
 Ospina-Vargas concedes that no live controversy currently exists, but maintains that his case falls within an exception to the mootness doctrine, because the issue is "capable of repetition, yet evading review." See, e.g., Southern Pac. Terminal Co. v. ICC, 219 U.S. 498, 515 (1911). Ospina-Vargas notes that his criminal conviction in Italy is on appeal. He asserts that, if his "conviction is reversed and a new trial ordered, ... the testimony taken at the Alexandria City Courthouse will be used again, in violation of [Ospina-Vargas's] right to be present at his own criminal trial." Brief for Appellant at 8. He contends, in addition, that if a new trial occurs, "the issues raised [at the TRO hearing] will again be litigated." Brief for Appellant at 8.
 
 
 8
 The Supreme Court has found that an otherwise moot issue is reviewable if (1) the issue was "too short to be fully litigated prior to its cessation or expiration," and (2) there exists a "reasonable expectation that the same complaining party would be subjected to the same action again." Murphy v. Hunt, 455 U.S. 478, 482 (1982) (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1973) (per curiam)). The Supreme Court emphasized that there must be a " 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party," not "a mere physical or theoretical possibility." Murphy, 455 U.S. at 482 (quoting Weinstein v. Bradford, 423 U.S. at 149).
 
 
 9
 Although the issue of the admissibility of the allegedly tainted testimony may arise again at retrial, the TRO issue will not.[4] Moreover, even if this evidence is found inadmissible and new testimony is ordered, the scheduling of additional depositions of the DEA agents will afford Ospina-Vargas the opportunity to invoke properly his right to confrontation under Articles 14 and 16 of the Mutual Assistance Treaty. Ospina-Vargas need only request that the Italian court arrange his presence at the United States proceedings.
 
 
 10
 For the reasons expressed above, Ospina-Vargas's appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Article 14(3) of the Treaty provides that, when taking testimony in one country for a criminal case the other country, "[t]he Requested State [i.e., the United States] shall permit the presence of an accused, counsel for the accused, and persons charged with the enforcement of the criminal laws to which the request relates."
 
 
 [2]
 Article 16(2) provides, "A defendant in custody in one State who seeks for purposes of confrontation to be present at a judicial proceeding in the other State shall be transported to that State unless the State in which the defendant is in custody has a reasonable basis to deny the request."
 
 
 [3]
 Following a trial in Italy, Ospina-Vargas was convicted on narcotics charges. He has appealed his conviction
 
 
 [4]
 Ospina-Vargas confuses the physical act of deposing the DEA agents with the admission of this testimony into evidence at trial. Viewing these two discreet events separately, it is clear that the issue of the denial of the TRO is not "capable of repetition, yet evading review," as contemplated in the Supreme Court's mootness jurisprudence. See Murphy, 455 U.S. at 482; Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 546 (1976)