108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES, Appellee,
v.
Agustin NOVELLAS, Defendant-Appellant.
 No. 96-1515.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 APPEARING FOR APPELLANT: JUAN CARLOS DOMINGUEZ, Ravis & Dominguez, Temple City, CA.
 APPEARING FOR APPELLEE: EDGARDO RAMOS, Assistant United States Attorney, New York, NY.
 Present JACOBS, LEVAL and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Defendant Agustin Novellas appeals from a July 16, 1996 Memorandum and Order of the United States District Court for the Eastern District of New York (Platt, J.) denying his motion, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, to transfer venue from the Eastern District of New York to the Central District of California, where he resides.
 
 
 4
 Although we doubt that the district court abused its discretion in denying Novellas's motion, see United States v. Stephenson, 895 F.2d 867, 875 (2d Cir.1990) (denial of motion to transfer venue under Rule 21(b) is erroneous only if district court abuses discretion), we have no jurisdiction to decide this issue.
 
 
 5
 A pre-trial order denying transfer of venue is a non-final, interlocutory order that does not meet the requirements for immediate appeal under the collateral order doctrine, see United States v. Miller, 14 F.3d 761, 765 (2d Cir.1994) ("To fall within the limited class of final collateral orders, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.") (internal quotations and citations omitted), and does not constitute one of the recognized exceptions to the prohibition against appeals of interlocutory orders in criminal cases, see, e.g., Stack v. Boyle, 342 U.S. 1, 6 (1951) (order denying motion to reduce bail is appealable "final decision"); Abney v. United States, 431 U.S. 651, 662 (1977) (order denying double-jeopardy claim is "final" for purposes of 28 U.S.C. § 1291); Helstoski v. Meanor, 442 U.S. 500, 508 (1979) (denial of motion to dismiss indictment for violation of Speech or Debate Clause directly appealable).
 
 
 6
 This Court long ago made clear that an order denying a criminal defendant's motion for change in venue is not reviewable before trial, except by application for a writ of mandamus upon a strong showing of prejudice. See United States v. Garber, 413 F.2d 284, 285 (2d Cir.1969). We adhere to that principle here, and therefore dismiss Novellas's appeal for lack of jurisdiction.