UNITED STATES of America,
Appellee,

v.

**Robert A. ALIOTTA, Wilfred W. Leyland, and William Peters, Defendants–Appellants.**

**Docket Nos. 97–1561, 97–1619.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 11, 1999

Decided: Dec. 7, 1999

Anthony L. Fumerelle, Buffalo, NY, for Defendant–Appellant Leyland.

Thomas S. Duszkiewicz, Assistant United States Attorney, Buffalo, N.Y. (Denise O'Connell, United States Attorney for the Western District of New York, Buffalo, NY, on the brief), for Appellee United States of America.

Before: VAN GRAAFEILAND and PARKER, Circuit Judges, and MISHLER, District Judge.*

PARKER, Circuit Judge:

Defendant Wilfred W. Leyland appeals from an order of the United States District Court for the Western District of New York, (Richard J. Arcara, Judge), entered October 6, 1997, denying his motion to withdraw his guilty plea and to dismiss the indictment.[1] On November 17, 1997, the

* The Honorable Jacob Mishler, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

1. By Order dated May 12, 1998, a panel of this Court dismissed the appeal of Defendant–Appellant William Peters. By Order dated February 22, 1999, we granted the government's motion for summary affirmance of the

district court granted Leyland's request to delay sentencing and entry of judgment pending this interlocutory appeal. The government moves to dismiss Leyland's appeal for lack of appellate jurisdiction.

We dismiss.

## I.  BACKGROUND

### A.  *The 1991 Indictment*

On May 9, 1991, a federal grand jury sitting in the Western District of New York returned a 65–count indictment against Leyland and 17 other named co-conspirators (the "1991 Indictment"). Count One of the indictment charged Leyland with conspiracy to possess with intent to distribute, and distribution of, quantities of cocaine and marijuana between January 1, 1989 and March 5, 1991, in violation of 21 U.S.C. §§ 841(a)(1)(A), 841(b)(1)(A), 841(b)(1)(B), and 846. Count Six of the indictment charged Leyland with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Counts 25, 30, 33, and 37 charged Leyland with four instances of using a telephone in furtherance of the conspiracy charged in Count One, all in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Count 64 alleged that Leyland possessed proceeds derived from the controlled substance violations charged in Count One and Six and sought forfeiture of approximately $26,590 in seized currency, pursuant to 21 U.S.C. § 853(a)(1).

### B.  *The Civil Forfeiture Action*

The government filed a civil complaint for in rem forfeiture on January 7, 1992. On June 25, 1992, the United States District Court for the Western District of New York (Arcara, J.) entered a civil judgment ordering Leyland's $26,590 forfeited to the government.

judgment of conviction and sentence entered against Defendant–Appellant Robert A. Aliot-

### C.  *The 1993 Indictment and Subsequent Conviction*

On January 26, 1993, another federal grand jury sitting in the Western District of New York returned a second indictment against Leyland and Gregory Scott (the "1993 Indictment"). Count One charged both men with possessing with intent to distribute over 100 kilograms of marijuana between March 1, 1988 and November 24, 1992, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. Count Three charged Leyland and Scott with conspiracy to possess with intent to distribute over 100 kilograms of marijuana during the same time period, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

On March 10, 1993, Leyland moved to dismiss the 1993 Indictment, claiming that it was entirely duplicative of 1991 Indictment. The district court (Arcara, J.) denied the motion, adopting the magistrate judge's finding that neither the substantive nor the conspiracy counts contained in the two indictments charged the same offenses. Leyland was tried, convicted, and sentenced to 76 months incarceration on Counts One and Three of the 1993 Indictment. Leyland appealed his conviction and, on April 23, 1997, this Court affirmed. *United States v. Leyland,* 112 F.3d 506 (2d Cir.1997)(table).

### D.  *Leyland's Guilty Plea to Count One of the 1991 Indictment*

On January 17, 1995, Leyland executed an agreement to plead guilty to Count One of the 1991 Indictment. On that same day, the district court accepted Leyland's guilty plea. As part of his plea agreement, and again during his plea allocution, Leyland admitted to facts sufficient to support his conviction under Count One. Of course, as a condition of his plea, Leyland waived his right to a trial.

ta.

E. *Leyland's Motion to Dismiss and to Withdraw His Guilty Plea*

On September 15, 1997, just prior to his scheduled sentencing under the 1991 Indictment, Leyland moved to dismiss the indictment as violative of his double jeopardy rights. He argued that his conviction under the 1993 Indictment and his civil forfeiture of $26,590 barred his prosecution under the 1991 Indictment. He also moved to withdraw his guilty plea in light of this alleged constitutional deficiency. On October 6, 1997, the district court denied Leyland's motions. Relying on *United States v. Broce*, 488 U.S. 563, 570–74, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the district court found that Leyland had waived his rights under the Double Jeopardy Clause when he pleaded guilty to a conspiracy facially distinct from that charged in the 1993 Indictment; Leyland's claim that he had been subject to double jeopardy based on the civil forfeiture was also foreclosed by the Supreme Court's then-recent decision in *United States v. Ursery*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). On October 10, 1997, Leyland filed a notice of appeal. On November 15, 1997, the district court issued an order staying Leyland's sentencing pending resolution of his interlocutory appeal. No judgment of conviction has been entered and no sentence imposed.

## II. DISCUSSION

■ On appeal, Leyland argues that the district court committed reversible error in refusing to dismiss the 1991 Indictment on double jeopardy grounds and in refusing to allow him to withdraw his guilty plea in light of the alleged deficiency in the indictment. In response, the government first moves for dismissal, arguing that we lack jurisdiction to hear Leyland's appeal from the district court's non-final order. The government also contends that the 1991 Indictment does not violate rights guaranteed Leyland by the Double Jeopardy Clause. We necessarily address the government's jurisdictional argument first.

Because we find that we are without jurisdiction to hear Leyland's appeal, we do not reach its merits.

In the Judiciary Act of 1789, the First Congress established the principle that only "final judgments and decrees" of the federal district courts may be reviewed on appeal. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989)(citing Judiciary Act, 1 Stat. 73, 84 (1789)). The statute has changed little since then: it is now codified at 28 U.S.C. § 1291 and provides that federal courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts ... except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. "For purposes of this provision, a final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt*, 489 U.S. at 798, 109 S.Ct. 1494 (internal quotations omitted). In criminal cases, this rule prohibits appellate review until after conviction and imposition of sentence. *Id; see also Flanagan v. United States*, 465 U.S. 259, 263, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). Because the district court has not yet entered a judgment of conviction in this case or sentenced Leyland for the crime to which he pleaded guilty, there is no final judgment from which Leyland could appeal under the normal application of the final judgment rule. Thus, unless an exception to the rule applies, this Court lacks jurisdiction over Leyland's appeal.

■ In *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court carved out a very limited exception to the normal application of the final judgment rule. This exception has come to be known as the collateral order doctrine. *Midland Asphalt*, 489 U.S. at 798, 109 S.Ct. 1494. To be reviewable under the collateral order doctrine a decision must

"fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen,* 337 U.S. at 546, 69 S.Ct. 1221; *see also United States v. Miller,* 14 F.3d 761, 765 (2d Cir.1994). "To fall within the limited class of final collateral orders, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Midland Asphalt,* 489 U.S. at 799, 109 S.Ct. 1494 (internal quotations omitted); *see also Miller,* 14 F.3d at 765. Courts must interpret the collateral order exception " 'with the utmost strictness' in criminal cases." *Midland Asphalt,* 489 U.S. at 799, 109 S.Ct. 1494 (quoting *Flanagan,* 465 U.S. at 265, 104 S.Ct. 1051). Indeed, the Supreme Court has found denials of only three types of motions to be immediately appealable in criminal cases. *Id.*

■ Among the motions immediately appealable under the collateral order doctrine are pretrial motions to dismiss indictments on double jeopardy grounds.[2] In *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the defendants made a pretrial motion to dismiss their indictment on double jeopardy grounds. The court denied their motion, and they immediately appealed. The Supreme Court held that the defendants could bring their interlocutory appeal pursuant to the collateral order doctrine. The Court based its ruling on the fact that the Double Jeopardy Clause does more than simply protect an individual against "being twice convicted for the same crime" or

"being subjected to double punishments" *Id.* at 660, 97 S.Ct. 2034. Both of these rights "can be fully vindicated on appeal following final judgment" and do not justify an exception to the final judgment rule. *Id.* But in addition to protecting these rights, the Double Jeopardy Clause is a guarantee against even being put to trial twice for the same offense.

"The Constitution of the United States, in the Fifth Amendment, declares, 'nor shall any person be subject (for the same offense) to be twice put in jeopardy of life or limb.' The prohibition is not against being twice punished, but against being twice put in jeopardy.... The 'twice put in jeopardy' language of the Constitution thus relates to a potential, i.e., the risk that an accused for a second time will be convicted of the 'same offense' for which he was initially tried."

*Id.* at 661, 97 S.Ct. 2034 (quoting *Price v. Georgia,* 398 U.S. 323, 326, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970)). Because its "focus is on the 'risk' of conviction," the Double Jeopardy Clause guarantees an individual "that ... he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense." *Id.* This protection would be forever lost if a criminal defendant were forced to endure a second trial before an appeal could be taken. As a result, the Court held that pretrial motions to dismiss on double jeopardy grounds are subject to the collateral order doctrine. *Id.* at 662, 97 S.Ct. 2034.

■ One year later, the Supreme Court made explicit the limitation implicit in the *Abney* decision: if an interlocutory appeal is to be taken from an order refusing to dismiss on double jeopardy grounds, it

---

**2.** The other two are motions to reduce bail, *see Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), and motions to dismiss under the Speech or Debate Clause. *See Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979). In addition, "at least in this Circuit, an order denying a colorable claim to dismiss an indictment for violation of a prior plea agreement may properly be appealed prior to a final judgment on the entire criminal case in the district court." *United States v. Romero,* 967 F.2d 63, 65 (2d Cir. 1992) (citing *United States v. Abbamonte,* 759 F.2d 1065, 1071 (2d Cir.1985)).

must be taken prior to trial. In *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Court held that a defendant could not take an interlocutory appeal from a pretrial order denying his motion to dismiss for violations of his Sixth Amendment right to a speedy trial. Distinguishing *Abney*, the Court wrote: "Unlike the protection afforded by the Double Jeopardy Clause, the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." *Id.* at 861, 98 S.Ct. 1547. "[C]ertain claims (because of the substance of the rights entailed, rather than the advantage to a litigant in winning his claim sooner) should be resolved before trial. Double jeopardy claims are paradigmatic." *Id.* at 861 n. 7, 98 S.Ct. 1547. Although this language is dicta, it confirms that an interlocutory appeal designed to protect against the mere risk of conviction must come before that risk attaches.

In support of his contention that we have jurisdiction to hear his interlocutory appeal of the district court's order denying his motion to dismiss, Leyland relies on the collateral order doctrine as interpreted by *Abney* and its progeny.[3] *See, e.g., United States v. Morgan*, 51 F.3d 1105, 1109–10 (2d Cir.1995) (applying collateral order doctrine to pretrial motion to dismiss on double jeopardy grounds); *United States v. Macchia*, 41 F.3d 35, 37 (2d Cir. 1994)(same). However, unlike the defendant in *Abney*, Leyland moved to dismiss the 1991 Indictment only after he pleaded guilty and explicitly waived his right to trial, not while he was awaiting trial. Thus, *Abney* does not require us to exercise jurisdiction here. Instead, as explained below, both the reasoning of the *Abney* decision and the policies underlying the collateral order exception compel the

conclusion that we have no jurisdiction to hear Leyland's interlocutory appeal.

■ First and most importantly, interlocutory review of the district court's order will not protect Leyland against the "risk of conviction" that the Double Jeopardy Clause is designed to protect against. As a general rule, jeopardy attaches in a criminal case at the time the district court accepts the defendant's guilty plea. *See United States v. Cambindo Valencia*, 609 F.2d 603, 637 (2d Cir.1979) (stating "it is axiomatic of the double jeopardy clause that jeopardy attached once [defendant's] guilty plea was accepted"); *see also United States v. Bond*, 87 F.3d 695, 699 (5th Cir.1996); *United States v. Alt*, 83 F.3d 779, 781 (6th Cir.1996); *Dawson v. United States*, 77 F.3d 180, 182 (7th Cir.1996); *United States v. Wong*, 62 F.3d 1212, 1214 (9th Cir.1995). *But cf. United States v. Santiago Soto*, 825 F.2d 616, 619 (1st Cir. 1987) (jeopardy does not attach at acceptance of guilty plea where court subsequently vacates plea and dismisses charge). In other words, by waiting until he entered a valid guilty plea, admitted to all of the facts necessary to support his conviction on the count to which he pleaded, and waived his right to trial, Leyland foreclosed the possibility that he could be spared the risk of conviction under the 1991 Indictment; instead, by entering a valid plea, Leyland subjected himself to the risk, indeed the near certainty, of conviction. No appeal, interlocutory or not, can change that.

On a related note, absent interlocutory review, Leyland will not be subject to the strain, embarrassment, or expense of a second criminal trial: if, after final judgment, he successfully challenges his indictment on double jeopardy grounds, he will face no charges; on the other hand, if his appeal from the judgment of conviction is

---

**3.** Leyland cites no authority for the proposition that we have independent jurisdiction to hear his interlocutory appeal of the district court's order denying his motion to withdraw his guilty plea. Nor could he. Motions to

withdraw guilty pleas are not among the "small class" of motions immediately appealable in criminal cases. *See Midland Asphalt*, 489 U.S. at 799, 109 S.Ct. 1494 (noting three types of motions immediately appealable).

unsuccessful, his plea agreement will stand, and he will have been convicted without trial or further proceedings of any kind. And while Leyland has yet to endure sentencing and the imposition of a judgment of conviction, the Supreme Court has explicitly stated that these burdens, if wrongly imposed, "can be fully vindicated on an appeal following final judgment." *Abney*, 431 U.S. at 660, 97 S.Ct. 2034. It is only the right not to be put at risk of conviction that must be remedied prior to final judgment—a right Leyland has already lost here. *See Cambindo Valencia*, 609 F.2d at 637.

In addition to being consistent with Supreme Court precedent, our decision that the district court's order is not appealable on an interlocutory basis strengthens the policy that favors wholesale resolution of all purported errors through a single appeal, rather than piecemeal review of such errors as they arise. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982) (emphasizing Congress's longstanding insistence on "finality and prohibition of piecemeal [appellate] review")(quoting *Di-Bella v. United States*, 369 U.S. 121, 124, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962)). In this case, Leyland will be required to advance his double jeopardy argument at the same time that he brings any other challenges to his conviction and sentencing. In future cases, such a rule will disallow defendants from attempting to immediately appeal the denial of post-trial, but pre-sentencing, motions to dismiss on double jeopardy grounds, forcing them to raise such claims along with all other purported errors on a single appeal from final judgment and sentencing. It is for precisely these reasons that the collateral order doctrine is to be applied "with the utmost strictness in criminal cases." *Midland Asphalt*, 489 U.S. at 799, 109 S.Ct. 1494.

## III. CONCLUSION

Because the collateral order exception to the final judgment rule is inapplicable, this Court lacks jurisdiction to consider the merits of Leyland's interlocutory appeal. Leyland's appeal is therefore dismissed.

VAN GRAAFEILAND, Circuit Judge, dissenting:

Because I believe that this lengthy litigation can be terminated properly by a simple order of affirmance, I voice my disagreement with what I believe to be an unwise holding that we lack jurisdiction to hear the appeal. A brief summary of the pertinent facts will help to frame the issue.

On January 17, 1995, Wilfred Leyland entered into a Plea Agreement in an action having docket number 91–CR–118–A, the indictment in which charged him in pertinent part with possessing and distributing cocaine and marijuana between January 1, 1989 and March 5, 1991. The Agreement contained no reference to a second indictment that was returned against Leyland on January 26, 1993 in an action having docket number 93–CR–26(A). The 1993 indictment charged Leyland in part with possessing with intent to distribute a quantity of marijuana between March 1, 1988 and November 24, 1992, an offense of which Leyland was convicted following a jury trial on September 29, 1995.

On September 12, 1997, prior to sentencing under the Plea Agreement, Leyland moved, as was his right under Fed. R. Crim. P. 32(e), for permission to withdraw his guilty plea and for dismissal of further prosecution under the 1991 indictment on the ground of double jeopardy. The district court denied Leyland's application, stating that the indictment alleged a conspiracy facially distinct from the conspiracy alleged in indictment 93–CR–26E[sic].

Leyland appealed the denial of his motion for both the withdrawal of his plea and the dismissal of the indictment on double jeopardy grounds. The district court ordered that sentencing in 91–CR–118–A be stayed "until such time as the Second Circuit Court of Appeals has had an opportunity to rule of [sic] the defen-

dant's pending interlocutory appeal." My colleagues' response to this thoughtful order is to hold that we do not have jurisdiction to hear this appeal. I respectfully disagree.

A guilty plea is not a gossamer trial tactic that readily can be disregarded. It "differs in purpose and effect from a mere admission or an extra–judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive." *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). *See also Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is therefore an ideal candidate for the collateral order doctrine of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), which permits interlocutory appeals in situations such as this. *See Richardson v. United States*, 468 U.S. 317, 320–22, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). As the United States Court of Appeals for the Eleventh Circuit succinctly stated in *United States v. Carter*, 60 F.3d 1532, 1534 (11th Cir.1995):

> The denial of a pretrial motion to dismiss on the ground of double jeopardy is a final judgment that can be appealed to a circuit court of appeals.

Our holdings are in accord. *See United States v. Morgan*, 51 F.3d 1105, 1109 (2d Cir.1995); *United States v. Ahmed*, 980 F.2d 161, 163 (2d Cir.1992).

Moreover, the grant or denial of a motion to withdraw such a plea does not create a jurisdictional issue. It is instead a matter for the exercise of sound discretion by the trial court. *See United States v. Vega*, 11 F.3d 309, 313 (2d Cir.1993); *United States v. Gonzalez*, 970 F.2d 1095, 1099–1100 (2d Cir.1992).

In sum, I believe that we have jurisdiction to hear Leyland's appeal and therefore would bring this protracted litigation to a close by affirming the district court's order.