United States v. Taliaferro          08-CR-007-SM  10/30/09

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

    v.

Wanjira Taliaferro,
    Defendant

Criminal No. 08-cr-7-1-SM
Opinion No. 2009 DNH 164

## O R D E R

The grand jury returned an indictment charging defendant with distribution of a controlled substance, more than 5 grams of crack cocaine (count one), possession of a controlled substance, more than 50 grams of crack cocaine, with the intent to distribute it (count four), and conspiracy to distribute a controlled substance, more than 50 grams of crack cocaine (count five).  If convicted of each of those charged offenses, defendant would be exposed to a statutory minimum mandatory sentence of 10 years in prison.  If, however, the prosecution elected to file a notice of her prior conviction, under 21 U.S.C. § 851, defendant would be exposed to a minimum mandatory sentence of twice that amount, or 20 years in prison.

On May 12, 2009, the court conducted a plea colloquy with the defendant pursuant to Fed. R. Crim. P. 11 and, finding her plea of guilty to each count to be knowing, intelligent, and

voluntary, the court accepted those pleas and adjudicated her guilty of each charge. The court deferred acceptance of the plea agreement, which included a "binding" stipulation to a 15-year sentence (Fed. R. Crim. P. 11(c)(1)(C)), until the sentencing hearing (at which point the court would have the benefit of the Presentence Investigation Report).

The plea agreement's 15-year sentence, insisted upon by the prosecution, presented defendant with a Hobson's choice. All parties agree that the evidence of her guilt is overwhelming, and that a trial on the merits would serve no useful purpose. So, defendant's options were limited. She could either: (1) accept the "binding" plea agreement under Fed. R. Crim. P. 11(c)(1)(C) that called for a 15-year sentence, or (2) proceed to trial (in which case the prosecutor would file the Section 851 notice), face near-certain conviction, and necessarily be sentenced to the statutory mandatory minimum term of 20 years in prison. She understandably chose the former and signed the plea agreement stipulating to a sentence of 15 years imprisonment.

In due course, the Probation Office prepared a presentence report for the court. After reviewing the report, considering argument related to sentencing and the plea agreement's stipulation, and having grave misgivings about the fairness of

2

the sentence dictated by the plea agreement under the circumstances (see 18 U.S.C. § 3553(a)), the court, by Order dated September 1, 2009, directed the new United States Attorney to personally review this matter in light of the new Administration's seemingly different approach to drug sentencing policy, as well as Attorney General Holder's own public statements on the matter.[1]  The court also directed the United States Attorney to personally advise the court of the prosecution's intentions, should the court reject the plea agreement's stipulated sentence provision and impose a significantly lower sentence.

The United States Attorney has responded, albeit in the form of a pleading entitled "Government's Sentencing Memorandum," signed by a Special Assistant United States Attorney.  I will accept the assistant's pleading as the United States Attorney's personal response, since that seems to be its intent, and the

---

[1]     Attorney General Holder's public comments suggest not only a different approach to what most observers recognize as unreasonable crack/powder cocaine sentencing disparities, see Kimbrough v. United States, 522 U.S. 85 (2007), but also a different approach to the sometimes unjust and draconian sentences necessarily imposed in drug cases pursuant to statutorily mandated minimums (as have been leveraged against defendant in this case to induce acceptance of the plea agreement offered by the prosecution).

3

court's direction to provide a personal response has apparently been misunderstood.

The prosecution's sentencing memorandum merely reiterates argument made previously in court and, not atypically for an advocacy piece by the prosecution, it unduly emphasizes aggravating factors, while mitigating factors, substantial in this case, are largely ignored or treated dismissively. Prosecutors, of course, have a role to play in sentencing, but it is not that of sentencing judge; prosecutors are advocates — hopefully fair and reasonable advocates, possessing sound judgment — but advocates nonetheless. As advocacy, the memorandum is perfectly fine; as a justification for the dictated 15-year sentence, it falls short.

It is an unfortunate reality of our current system that, in a very real sense, broad prosecutorial discretion, coupled with a mandatory minimum statutory scheme and the prosecution's ability to effect the imposition of a mandatory minimum sentence (in this case, either 10 years or 20 years) simply by choosing to file or not file an information under Section 851, all combine to empower prosecutors to effectively impose criminal sentences in many cases, usually involving drugs, bypassing Article III sentencing authority. In such circumstances, when a sentencing court

determines the stipulated sentence to be too severe, the judicial sentencing function can be relegated to little more than the ministerial act of approving the stipulated sentence in lieu of being required to impose an even higher, mandatory, sentence. Perhaps that is as Congress intended, perhaps not. Congress may well reconsider the current mandatory minimum sentencing scheme in light of what has developed over the years. See e.g., H.R. 3327, Ramos-Compean Justice Act of 2009.

The circumstances of this case are somewhat rare, but illustrate the point. Difficulties arise when a sentencing court determines that a binding sentence stipulation is unfairly harsh, yet rejection of the agreement will seemingly result in an even harsher sentence, at least to the extent the prosecution controls the process. When a sentencing court concludes that a binding stipulated sentence is too lenient (also not a routine event, but it happens) the defendant is entitled to withdraw her accepted guilty plea and either proceed to trial or attempt to negotiate a sentence the court will find appropriate. In that circumstance, however, if a defendant does not withdraw her plea, or is later convicted, the sentence imposed will inevitably be more severe than the "too lenient" sentence, notwithstanding the "binding" agreement between prosecutor and defendant. But, where the stipulated sentence is thought by the sentencing court to be too

5

severe, as here, the prosecution seems to take the position that a less severe sentence cannot be imposed absent prosecutorial concurrence, given the binding agreement. That is to say, the court can sentence a defendant more harshly than an agreed-upon sentence but, at least in the prosecution's view, it cannot impose a sentence that is more lenient than an agreed-upon sentence. Accepting that reasonable minds can disagree in a given case about what is "too lenient" and what is "too severe," the important issue is who should make the final determination — courts or prosecutors?

The position taken by the prosecution in this case implicitly suggests the existence of legal issues that must be addressed and resolved before proceeding further. That part of the memorandum responsive to the court's September 1 Order consists of one sentence: "In the event that the court will determine in its sound discretion that the agreement reached by the parties should be rejected, the United States intends to withdraw from the plea agreement, comply with Department of Justice Policy, and proceed to trial." (Emphasis added.) Presumably, the prosecution expects that, should the court reject the plea agreement, the prosecution will somehow obtain the vacation of defendant's accepted guilty pleas, file an information under Section 851 (thereby triggering defendant's

6

exposure to a 20-year mandatory minimum sentence in this case), and proceed to trial.

That response raises the following issues, and perhaps points the way to a completely different result, at least in this case:

1. If the court rejects that part of the plea agreement providing for a specific sentence (i.e., 15 years), and the prosecution "withdraws" from the plea agreement, can the court vacate defendant's previously-accepted guilty pleas, either sua sponte or on motion of the prosecution, lawfully and consistently with defendant's rights under the Double Jeopardy Clause, in the absence of defendant's own affirmative election to withdraw her accepted pleas?

2. Should the court reject the specific sentence provision in the plea agreement, and should the defendant decline to withdraw her guilty pleas, and should the court impose a sentence below that called for by the agreement but at or above the applicable statutory mandatory minimum (10 years), would that sentence be lawful?

3. Is it now too late for the prosecution to file an information under the provisions of 21 U.S.C. § 851(a)(1), raising the mandatory minimum to 20 years, absent defendant's election to withdraw her pleas, since the prosecution failed to file an information before defendant's guilty pleas were accepted by the court and jeopardy attached?

The likely correct answers are: No, Yes, and Yes. See, generally, United States v. Hyde, 520 U.S. 670 (1997); United States v. Aliotta, 199 F.3d 78 (2d Cir. 1999); United States v.

Partida-Parra, 859 F.2d 629 (9th Cir. 1988); United States v. Patterson, 381 F.3d 859 (9th Cir. 2004); United States v. Vinyard, 539 F.3d 589 (7th Cir. 2008). See also 21 U.S.C. § 851(a)(1) (punishment may not be increased based upon a prior conviction "unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."). But, the prosecution has neither considered nor addressed these issues in its sentencing memorandum, and neither the prosecution nor defendant has had an opportunity to be heard on the matter.

Resolution of the specified legal issues is necessary to a fair and just determination of a lawful sentence in this case, and is critical in determining the extent and nature of the defendant's constitutional rights at this stage of the proceedings – rights the prosecution has an interest in preserving, protecting, and defending. Accordingly, the parties shall prepare and file thoroughly researched and supported legal memoranda addressing the specified issues within sixty (60) days of the date of this order.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

October 30, 2009

cc:  John P. Kacavas, United States Attorney
     Michael J. Zaino, Esq., SAUSA
     Robert G. Daniels, Esq.
     Jeffrey S. Levin, Esq.
     U.S. Marshal
     U.S. Probation